STEEDE *v.* MICHIGAN GAS & ELECTRIC CO.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.
   Objection that the testimony of defendant's witness was equally within the knowledge of plaintiff's decedent would exclude only testimony of such witness as pertained to matters equally within the knowledge of deceased and would not exclude testimony of such witness as to matters not appearing to be equally within the knowledge of the deceased (3 Comp. Laws 1929, § 14219).

2. WORKMEN'S COMPENSATION—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—GAS PRESSURE REGULATOR.
   In dependents' proceeding to recover workmen's compensation for loss of husband and father, killed at a railroad crossing late in the afternoon, while testimony of employer's inspector as to instructions given deceased as to operation of gas pres-

sure regulator would be inadmissible under the statute relative to testimony pertaining to matters equally within knowledge of deceased, such inspector could properly testify as to condition of regulator as he found it when not in presence of deceased (3 Comp. Laws 1929, § 14219).

3. SAME—FORKED ROAD—FINDING OF DEPARTMENT—EVIDENCE.

In proceeding by dependents of deceased employee whose duty it was to adjust automatic gas pressure regulator in the morning and at night, where evidence shows that he was killed at approximately 4:10 p. m. at railroad crossing before reaching fork in road leading in one direction to regulator and in other to his home, finding of department that he was on his way to perform his usual duty for defendant rather than on his way home *held*, supported by testimony.

4. SAME—AWARD OF DEPARTMENT—EVIDENCE—SUPREME COURT.

The Supreme Court will not weigh the testimony on appeal from the department of labor and industry but will sustain the department's award where there is testimony to support it.

Appeal from Department of Labor and Industry. Submitted June 2, 1942. (Docket No. 15, Calendar No. 41,938.) Decided October 6, 1942. Rehearing denied November 25, 1942.

Delina Marie Steede, widow, and minor children presented their claim against Michigan Gas & Electric Company for compensation for injuries causing death of Myron Steede. Award to plaintiffs. Defendant appeals. Affirmed.

*Bernard H. Davidson* (*Michael F. DeFant,* of counsel), for plaintiffs.

*M. J. Kennedy,* for defendant.

BUTZEL, J. This is an appeal in the nature of certiorari from an award of the department of labor and industry granting compensation to the widow and dependent children of Myron Steede whose death occurred on February 21, 1941.

Deceased had been employed by defendant for a number of years as a laborer at its plant in Ishpeming where he went daily from his home in Negaunee. On the date of his death, he was proceeding in a northerly direction on a road which crosses the tracks of the Northwestern Railroad and the South Shore Railroad Company. The road in question, after crossing said tracks, forks in two directions, one fork running in a northeasterly direction to the city of Negaunee and past a gas storage tank and a small cement building owned by defendant which houses a gas pressure regulating device, the other fork running in a northwesterly direction past the home of deceased which is some 300 or 400 feet from the railroad crossing.

The testimony shows that on the date of the accident, at about 4:10 p. m., deceased was seen by the engineer of a train approaching the crossing from the west. At that time, he was south of and running toward the railroad track. The engineer testified that he continued to run until he was directly in the path of the oncoming train and apparently did not discover his peril until it was too late to save himself. Except by the engineer, he was last seen alive before the accident at about 3:50 o'clock p. m. by another employee of defendant with whom he had ridden in a truck from his place of employment in Ishpeming. The record contains no revelation of his movements from this time until he was seen running toward the tracks by the engineer of the train.

The point raised on this appeal is whether the deceased was acting in the course of his employment at the time he met with accidental death.

The record shows that part of the duties of Steede in his employment by defendant was to make adjustments on the gas pressure regulator located in

the cement house on the northeast fork of the road leading from the railroad track as heretofore mentioned. Two adjustments daily were required. In the morning, at about 6 o'clock, he inserted a paper in an automatic device which recorded variations in the gas pressure and placed weights on a pressure regulator which insured an adequate pressure of gas in the mains during the daytime when the demands were heaviest. In the evening, he was required to return and remove the weights as the pressure requirements were not as great during the night.

The accident occurred at approximately 4:10 p. m. and it is the theory of the plaintiff that he was then on his way to the regulating station to make the required adjustments.

A neighbor of the deceased, who lived south of the railroad crossing was called as a witness by plaintiff and testified that at least four times a week she saw him coming from work between 4 and 5 o'clock p. m. and that after he had crossed the railroad tracks he would take the fork in the road that goes toward the gas tank. The witness did not know whether the deceased went to the tank or not. All she knew was that he took the fork in the road leading in that direction.

Another neighbor living across the road gave testimony of a similar nature. She had no knowledge of deceased's work, his duties, hours of employment, or what he did when he took the road leading past the gas tank.

Henry Steede, the deceased employee's son testified that his father went down to defendant's regulator around 4 o'clock every night; that he had seen his father make adjustments on the regulator about that time of day; and that his father usually came home at night from the east (the direction of

the regulator) at least four times a week between 4 and 4:30 p. m.

Plaintiff called defendant's district manager for cross-examination under the statute.* When examined by defendant's counsel, he testified that the deceased had instructions that he was not to remove the weights from the gas pressure regulator until 6 o'clock in the evening. This testimony, offered to rebut plaintiff's theory that deceased was on his way to the tank at the time he was killed, was excluded by the department as pertaining to matters equally within the knowledge of the deceased.†

However, he testified to other matters that were not subject to this objection, assuming the objection to have been good as to part of his testimony. It is to be noted that it is admitted by defendant that part of the duties of the deceased were to place the weights on the regulator in the morning and remove them in the evening. The objection, if good, that the testimony of witness Pearce pertained to matters equally within the knowledge of the deceased, could apply only to instructions given to the deceased as to the time the weights were to be removed and not as to matters not appearing to be equally within the deceased's knowledge. Thus, it was proper for this witness to testify as follows:

"*Q.* (By Mr. Kennedy): Have you been down there at different times during the day?

"*A.* Yes, several different times.

"*Q.* What time would you usually go there?

"*A.* The time I generally went there was shortly after 5 o'clock.

"*Q.* You mean 5 o'clock in the afternoon?

* See 3 Comp. Laws 1929, § 14220 (Stat. Ann. § 27.915).—RE-PORTER.

† See 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914).—RE-PORTER.

"*A.*    Yes.

"*Q.*    And at the time you went there what was the condition of the automatic regulator as to whether the weights were on or off?

"*A.*    The auxiliary regulator?

"*Q.*    Yes.

"*A.*    The weights were always on.

"*Q.*    How many times have you been, there in a month?

"*A.*    I would probably go there twice a month.

"*Q.*    And for what purpose do you go?

"*A.*    I go there to inspect the apparatus.  I made it a point when it was first installed for no one to bother with it, being such a complicated affair."

The testimony in the case supports the inference drawn by the department that the deceased was on his way to perform his usual duty for defendant at the regulator rather than on his way home.  There is no direct proof in the record that he was on his way home before going to the regulator.  Even if there were such proof, we do not weigh the testimony to determine the great weight.  We have held too frequently to need citation that where there is testimony to support the award we will not weigh the testimony but will sustain the award.

The award is affirmed, with costs to plaintiff.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUSHNELL, and SHARPE, JJ., concurred.  WIEST, J., did not sit.