ANDERSON *v.* KROGER GROCERY & BAKING COMPANY.

1. WORKMEN'S COMPENSATION—INJURY ARISING OUT OF AND IN COURSE OF EMPLOYMENT—CAUSAL CONNECTION.

> An injury arises out of and in the course of the employment when it occurs while the employee is engaged in the duties of the employment and it has a rational causal connection to the work.

2. SAME—EMPLOYEE ON PUBLIC HIGHWAY WHEN INJURED.

> To establish liability for workmen's compensation for an injury to an employee on the public highway it is not necessary that the service to the employer be the sole cause of the presence on the highway but the inference from the evidence must be permissible that the employee would be present there though the private errand had been cancelled.

3. SAME—FATAL INJURY ARISING OUT OF AND IN COURSE OF EMPLOYMENT—EVIDENCE.

> Grocery store manager who was fatally injured while crossing street from restaurant during business hours after partaking of breakfast at a place where much of the community's business was transacted was properly found to have sustained an injury arising out of and in the course of the employment where the commission found that he had a two-fold purpose in going to the restaurant, one of which was to eat breakfast and the other of which was to do business for his employer in accordance with the established custom, acquiesced in by the employer, and that the two purposes were concurrent and so closely related that it would be impossible to conclude that either one was the primary reason for his absence from the store, the requisite causal connection being present and some competent evidence being presented to support such finding (CL 1948, § 413.12).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 58 Am Jur, Workmen's Compensation, § 209.
[2, 3] 58 Am Jur, Workmen's Compensation, §§ 226, 241.
[2, 3] Mingling of employer's purpose and employee's purpose in taking trip as affecting right to compensation under a workmen's compensation act. 78 ALR 684.
[4] 58 Am Jur, Workmen's Compensation, § 532.

4. Same—Findings of Workmen's Compensation Commission—
    Evidence.
    The findings of fact made by the workmen's compensation com-
        mission, acting within its powers, in the absence of fraud, are
        conclusive, and the Supreme Court may not disturb such findings
        if supported by competent evidence (CL 1948, § 413.12).

Appeal from Workmen's Compensation Commis-
sion. Submitted October 12, 1949. (Docket No. 66,
Calendar No. 44,485.) Decided December 8, 1949.

Letha Anderson, widow, and minor children of
Robert V. Anderson, deceased, presented their claim
for compensation against Kroger Grocery & Baking
Company, employer, and Manufacturers & Mer-
chants Indemnity Company, insurer, for his death.
Award to plaintiffs. Defendants appeal. Affirmed.

*Harold H. Smedley,* for plaintiffs.

*Alexander, Cholette, Buchanan, Perkins & Conk-
lin (Edward D. Wells,* of counsel), for defendants.

Butzel, J. Defendants appeal from an order of
the workmen's compensation commission awarding
to plaintiffs dependency compensation and also medi-
cal and funeral expenses. The controlling question is
whether the decedent's presence on the street at the
time of the fatal accident arose out of and in the
course of his employment, as found by the commis-
sion.

Robert V. Anderson was the manager of the
Kroger Grocery & Baking Company store in the
village of Grant, Michigan, for 11 years up to and
until the time when he met with fatal injuries upon
being struck by an automobile while he was return-
ing from Johnie's restaurant to the Kroger store.
Plaintiffs, widow and minor children of decedent,
claim that the injury arose out of and in the course

of his employment. Defendants claim that decedent was injured while on a personal mission not within the ambit of his employment.

The dutes of decedent varied and the manner in which he performed them was left largely to his discretion. He was often on the street on business errands, including trips to the bank and to the post-office. Among his other outside activities for the store were visits to the creamery to purchase and pick up butter, the occasional delivery of groceries to a few near-by farms and to the restaurant, and the purchase of vegetables and fruits. He was not engaged in these particular activities at the time of the accident.

In the village of Grant, Front street and M–37 run north and south parallel to each other and a block apart, with M–37 on the east. The Kroger store is located on the northwest corner of Front street and Lincoln street. Johnie's restaurant is on the east side of M–37, about a block and a half from Kroger's. Across from Johnie's restaurant is a shortcut through vacant property and a well-worn traveled path, that runs to the store.

Testimony shows that the main business in and about Grant is the raising and selling of fresh vegetables, particularly onions; and further, that about 75 per cent. of the area's transactions in onions, as well as some of those in other vegetables, were made in Johnie's restaurant over a cup of coffee.

Decedent opened the Kroger store, in which there was no telephone, at about 8 o'clock each morning and customarily each morning went to Johnie's restaurant at about 9 o'clock or shortly thereafter to have toast and coffee, his first food of the day. He did not take breakfast at home. He would transact any business that could be done while there, including the occasional purchase of vegetables and the solicitation of grocery orders. John Morrison, pro-

prietor of Johnie's restaurant, would give him grocery orders on the average of twice weekly. The evidence does not indicate that the company had any objection to his trips to the restaurant. The testimony shows that the company's district manager would go there with him when he was in Grant.

On the morning in question decedent remained in the restaurant for about 7 or 8 minutes, partook of his usual fare, and received a grocery order from the owner. He was in a hurry to return to the store and was offered a ride back by a friend who had a car parked across M–37. He was run down while crossing the highway. The facts are not clear as to whether he intended to accept the ride or walk across the shortcut.

An injury arises out of and in the course of the employment when it occurs while engaged in the duties of the employment and it has a rational causal connection to the work. See *Murphy* v. *Flint Board of Education,* 314 Mich 226, for an extensive collection of authorities and a fuller discussion. The proper test to be applied in this and similar cases is concisely stated by Chief Justice Cardozo in *Dependents of Marks* v. *Gray,* 251 NY 90 (167 NE 181), as follows:

"We do not say that service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause. To establish liability the inference must be permissible that the trip would have been made though the private errand had been cancelled.  *  *  *  The test in brief is this: If the work of the employee creates the necessity for the travel, he is in the course of his employment, though he is serving at the same time some purpose of his own.  *  *  *  If, however, the work has no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled

upon the failure of the private purpose though the business errand was undone, the travel is then personal, and personal the risk."

The commission found that decedent had a twofold purpose in going to the restaurant, one to have breakfast and the other to do business for his employer, in accordance with the well-established custom acquiesced in by the employer; that the causes were concurrent and so closely related that it would be impossible to conclude that either one was the primary reason for his absence from the store. As the business aspect was found not to be merely incidental, it follows that the injury arose out of and in the course of the employment, and is compensable. The requisite causal connection was present.

This is a borderline case. Were we the trier of facts, it is possible that we might have inferred that the causes of the trip were not both of major importance and found that it would not have been made in the absence of the personal desire for the morning repast. However, there is some competent evidence to support the finding. The statute (CL 1948, § 413.12 [Stat Ann 1947 Cum Supp § 17.186]) provides in part that:

"The findings of fact made by the compensation commission acting within its powers shall, in the absence of fraud, be conclusive."

It has been repeatedly held that this Court may not disturb the findings of the department of labor and industry when there is competent evidence to support them. *Steede* v. *Michigan Gas & Electric Co.,* 303 Mich 147; *Baughman* v. *Vicker's, Incorporated,* 323 Mich 710.

Defendants contend that the finding that the 2 causes of travel were so closely related that it would be impossible to conclude that either one was the primary cause for the trip automatically defeats

plaintiffs' case, and cite *Byrne* v. *Clark Equipment Co.*, 302 Mich 167, and *Putnam* v. *Beechler*, 299 Mich 552, as authority. In the former the claimant failed to sustain the burden of proof when it was impossible for the commission to determine whether the fatal peritonitis resulted from the repair of a hernia or an appendix removal. In the latter the inference that the injury resulted from an existing condition was as strong as the one that it resulted from a fortuitous event. Both these cases dealt with the proximate physical cause, not with whether the employee's activity at the time of injury was within the ambit of his employment.

Defendants cite *Murphy* v. *Flint Board of Education, supra, Jeffries* v. *Jodawelky,* 304 Mich 421, *Conklin* v. *Industrial Transport, Inc.,* 312 Mich 250, and *Haggar* v. *Tanis,* 320 Mich 295, in support of their claim that the injury was outside the ambit of employment. The facts of those cases distinguish them from the instant one. In the *Murphy Case* the injury occurred after the working day, while claimant was on the way home. She was not at the time engaged in any specific mission for her employer. The other 3 cases deal with injuries sustained while on a deviation from the route for the sole purpose of carrying out a personal mission.

We are not entirely in accord with some of the statements contained in the opinion of the commission, which have not been mentioned herein, but these are not pertinent to our determination of the main issue.

The award is affirmed, with costs to plaintiffs.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.