In the Matter of the Claim of GEORGE BLACKLEY, Respondent, against CITY OF NIAGARA FALLS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, April 24, 1954.

*George J. Hayes, Bernard Katzen* and *Victor Fiddler* for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Carl Madonick* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Per Curiam.* The Workmen's Compensation Board has made an award of compensation to claimant for disability arising from a fractured leg. From this award the employer and its carrier have appealed.

The facts are simple and not in dispute. Claimant was a policeman employed by the City of Niagara Falls. At four o'clock in the afternoon of November 14, 1951, he reported to

a station house, and his tour of duty ended at twelve o'clock when he signed, out at the same station house. Thereafter he rode home with a friend in the latter's automobile, and was let out in the middle of the street opposite his house. As he walked toward the house he tripped on a curb and broke his leg.

Under rules and regulations adopted by the city all employees of the police force are deemed to be always on duty subject to such relief therefrom as shall be allowed by proper authority, and have the same responsibility as to the suppression of disturbances and arrests of offenders as when on post duty. The chief of police of the city testified that policemen work in three shifts, and that claimant's only assigned duty was that already indicated, but he was nevertheless considered to be on duty twenty-four hours a day. Relief under the regulation meant that a policeman was not supposed to leave the confines of the city without permission from his superior.

On this state of facts the board found claimant to be an outside policeman, subject to call twenty-four hours a day, and that hence his accident arose out of and during the course of his employment. We are constrained to disagree with this conclusion as a matter of law.

The statute uses the conjunctive in providing that only " accidental injuries arising out of and in the course of employment " are covered (Workmen's Compensation Law, § 2, subd. 7). An award is justified only when the accident arises both " out of " and " in the course of " employment. In construing these terms it has been authoritatively held that the injury must be received while a workman is doing some duty he is employed to perform, and as a natural incident of his work (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148). This general rule has been diluted with some refinements but none of these aid the claimant here.

Quite evidently the board places its decision on the simple grounds that claimant was an outside policeman and subject to call twenty-four hours a day. Outside workers whose work is of such a nature that they have no fixed place in which their work is done are usually covered from the time they leave home until they return (*Matter of Theyken* v. *Diplomat Products*, 268 N. Y. 658; *Matter of Fronce* v. *Prosperity Co.*, 255 N. Y. 613; *Matter of Faulkner* v. *Stratton-Amsterdam Corp.*, 245 N. Y. 542). This rule, however, does not cover outside employees who are required to report first to a place of business before they begin their work and check out at the same place when they retire at night (*Matter of Bennett* v. *Marine Works*, 273

N. Y. 429). Such was the situation with relation to claimant's duties. He reported to a station house before he began his tour of duty and he checked out when he had finished his tour of duty. So far as the argument that he was subject to call twenty-four hours a day is concerned, the simple answer is that he had finished his regular work and had not been called for anything further. Moreover on the basis of his own admission he was not engaged at the time of the accident in any work connected with his duties as a policeman. To say that any accident which he sustained when not on post duty was covered because he was subject to call and required to act as a policeman should the occasion require, is somewhat unrealistic. If, as in the case here, he was injured at a time when he was off active duty and was engaged in an activity in no way connected with his duties as a policeman, it cannot be said with any semblance of logic that the injury arose out of his employment.

The award should be reversed and the claim dismissed.

FOSTER, P. J., BERGAN, COON and IMRIE, JJ., concur.

Award reversed and claim dismissed, without costs. [See 283 App. Div. 986.]