In the Matter of the Claim of MARGARET CARNEY, Respondent, v. SENAK NEW YORK CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, October 31, 1962.

*John J. O'Connor (Joseph J. Brophy* of counsel), for appellants.

*Joseph Kooperman* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General (Jorge L. Gomez* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

GIBSON, J. Appellants contend that decedent's fatal accident did not arise out of and in the course of his employment as a salesman and collector but occurred solely by reason of his purely personal action in driving his automobile homeward from his work as a policeman in the employ of the City of New York at its waterworks dam at Livingston Manor.

Decedent worked for the city on a 4:00 P.M. to midnight shift and on the day of his death, after completing his work, drove his automobile to Woodbourne, which was on his route from Livingston Manor to his home at Ellenville, and is but six or seven miles distant from Ellenville, transacted some business at Woodbourne for appellant employer and was killed at 3:30 A.M. while proceeding from Woodbourne toward Ellenville.

Decedent's work in the employment in issue was active and substantial. His territory was Sullivan County and part of Ulster County. His merchandise consisted of many items of household articles and jewelry which he picked up weekly and stored at his home. He received commissions of 20% on sales to new customers and of 10% on sales to prior customers; and for his collection work he was paid $12 per day for servicing some 400 accounts. In the year immediately preceding his death he earned approximately $7,900 and was said to have been " a top-notch salesman " and " quite a hustler ". It

seems clear that this employment was by no means casual or necessarily secondary or subordinate to decedent's work for the city and that claimant did not greatly exaggerate when she testified that most of decedent's waking hours away from duty as a policeman were devoted to appellant employer's interests. There was testimony by the employer's representative that decedent worked " odd hours ", such as at " one and two o'clock in the morning " and this was corroborated by disinterested witnesses and, under the circumstances, appears entirely plausible. The employer required decedent to supply his own car and at the time of his death his car contained a large quantity of the employer's merchandise as well as its order book and decedent had on his person cash of $285 and checks of $189, proceeds of sales and collections. He used his house and garage for storage of merchandise, made some sales and collections at home, communicated with, and received calls from customers by telephone and performed his paper work at home. The employer conceded that decedent's hours of work were discretionary with him and it is obvious, of course, that he was an outside salesman working out of his home and in no fixed location. Such workers " are usually covered from the time they leave home until they return ". (*Matter of Blackley* v. *City of Niagara Falls,* 284 App. Div. 51, 52, and cases there cited.) Here, additionally, there is abundant proof that at a hotel in Woodbourne, between 1:30 A.M. and 2:00 A.M. on the morning of his death, decedent attempted to sell some blankets to a regular customer, who then had an account on the employer's books, and made a collection from another customer, who testified that decedent had previously collected from him and from others at about the same late hour. Upon the entire record, the award was proper and is supported by ample authority. (See, e.g., *Matter of O'Connor* v. *Johnson & Johnson,* 12 A D 2d 846, motion for leave to appeal denied 9 N Y 2d 611; *Matter of Cliff* v. *Dover Motors,* 11 A D 2d 883, affd. 9 N Y 2d 891; *Matter of Tiernan* v. *Potter,* 281 App. Div. 787.)

Appellants rely solely upon *Matter of Marks* v. *Gray* (251 N. Y. 90, 93) which held that, " To establish liability, the inference must be permissible that the trip would have been made though the private errand had been canceled "; appellants asserting that here it could not be inferred that the trip to, and business errands at Woodbourne would have been performed had decedent for some reason decided not to go home after his tour of duty for the city. Upon this record, however, the board would have been warranted in drawing that very inference; but such was not necessary to the award, as it is clear that, at the

very least, decedent was in the course of his employment upon the homeward journey from Woodbourne, after transacting business there. Further, the *Marks* case itself held that the employment need not be the "sole cause" of the journey, if it be at least a "concurrent cause" (p. 93). Finally, it is by no means certain that *Marks* remains in all respects authoritative, in the light of the subsequent decision of *Matter of Mahoney* v. *Stern & Co.* (9 N Y 2d 931). Indeed, it is the view of one of the Judges who dissented in the *Mahoney* case that *Marks* was "essentially overruled" by *Mahoney*. (Van Voorhis, Cardozo and the Judicial Process Today, 71 Yale L. J. 202, 210–211 [1961]; and see dissenting opinion of BERGAN, J., in *Matter of Mahoney* v. *Stern & Co.*, 9 A D 2d 843, 844–845, revd. 9 N Y 2d 931, *supra*.)

The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

COON, J. P., and TAYLOR, J., concur; HERLIHY and REYNOLDS, JJ., concur in the result.

Award affirmed, with costs to the Workmen's Compensation Board.