BURCHETT *v.* DELTON-KELLOGG SCHOOL.

Decision of the Court.

1. Workmen's Compensation—Schoolteacher—Injury in Traffic Accident.

Order denying workmen's compensation to school teacher who was injured in traffic accident while en route home while transporting books and papers upon which she was required to do work at home is reversed (CLS 1961, § 412.1).

Separate Opinion.

T. M. Kavanagh, C. J., and Black, Souris, and Adams, JJ.

2. Workmen's Compensation—Accident Arising Out of and in Course of Employment—Schoolteacher—Dual-Purpose Doctrine.

*Accident arose out of and in the course of schoolteacher's employment, entitling her to workmen's compensation, where she was required as part of her duties to take work home with her each night, and where, while en route home, she was injured in an automobile collision, the fact that what she was doing would also further her own interests, not barring her recovery (CLS 1961, § 412.1).*

3. Same—General Rule—Going To or Coming From Work.

*Generally, workmen's compensation is not payable for injuries incurred while going to or from work to employees who work during stated hours at specified places, and who are free to go when they are through, with no further responsibility*

---

References for Points in Headnotes

[1] 58 Am Jur, Workmen's Compensation §§ 217, 220.
   Workmen's compensation: injuries incident to performance of employer's work in whole or part at employee's home. 83 ALR 216, 92 ALR 1036.
[2, 5] 58 Am Jur, Workmen's Compensation §§ 158, 217, 220.
[3] 58 Am Jur, Workmen's Compensation § 217.
[4] 58 Am Jur, Workmen's Compensation §§ 217, 220.

*under their employment or duty for their employer until work*
*time the next day if they are accidentally injured while en*
*route to or from work (CLS 1961, § 412.1).*

4. SAME—DUAL-PURPOSE RULE—INJURIES WHILE GOING TO OR COM-
   ING FROM WORK.

   The dual-purpose rule, which grants the protection of the work-
   men's compensation act for injuries received while going to
   or coming from work to employees who are required to take
   work home, applies if a special trip would have had to be
   made if the employee had not combined this service with his
   going or coming trip or the employer would have found it
   necessary to hire someone else to complete the task (CLS 1961,
   § 412.1), overruling, in part, *Murphy* v. *Flint Board of*
   *Education,* 314 Mich 226, and *Baas* v. *Society for Christian*
   *Instruction,* 371 Mich 622.

SEPARATE OPINION.

O'HARA, J.

See headnote #4.

DISSENTING OPINION.

DETHMERS and KELLY, JJ.

5. WORKMEN'S COMPENSATION—SCHOOLTEACHER—INJURY IN TRAFFIC
   ACCIDENT.

   *Schoolteacher who was en route from school and had with her*
   *schoolwork regularly required for any teacher in defendant's*
   *system when injured in a traffic accident held, not entitled to*
   *workmen's compensation, since the injury did not arise out*
   *of and in the course of employment (CLS 1961, § 412.1).*

Appeal from Court of Appeals, Division 2; Mc-
Gregor, P. J., T. G. Kavanagh and Quinn, JJ., deny-
ing appeal from Workmen's Compensation Appeal
Board. Submitted February 9, 1966. (Calendar
No. 4, Docket No. 51,235.) Decided August 24,
1966.

Lydia Burchett presented a claim against Delton-
Kellogg School, and Michigan State Accident Fund,
insurer, for compensation because of injuries sus-
tained in automobile collision occurring while she

was en route from school and transporting books and papers upon which she had been working. Compensation denied. Reversed.

*Hoffman, McDonald & Hoffman (Frederick D. McDonald,* of counsel), for plaintiff.

*Stanley Dodge* and *Peter Munroe* for defendants.

T. M. KAVANAGH, C. J. Plaintiff, a grade school teacher, seeks compensation for injuries received in a car accident which occurred on her way home from school on September 21, 1959. The workmen's compensation appeal board, relying on the rule of *Baas* v. *Society for Christian Instruction,* 371 Mich 622, overruled a referee's order granting compensation benefits to plaintiff. This is an appeal by plaintiff, on leave granted, from the Court of Appeals' denial of leave to appeal the order of the workmen's compensation appeal board.

The evidence conclusively established that plaintiff had no time whatsoever at school to prepare lessons for her pupils or correct papers and was absolutely required to do work at home in order to properly perform her duties. The school principal and superintendent testified they expected and required plaintiff to take books home with her and do work at home. It was further established that all grade school teachers were required to take books home and to do work at home, since they had no time during the school hours to grade papers and prepare future lessons.

It was also established that along the road going to and from work plaintiff would on occasion stop to collect leaves, flowers and bird nests for nature study instructions for the children. The books she was carrying were not owned by the teacher but

were furnished by the school. The school principal testified that plaintiff was "one of the best" as a teacher.

Plaintiff contends she was performing a duty (transporting school work) expected and required of her by her employer.

Plaintiff has launched a direct attack on the *Baas Case, supra,* contending that this case, and others like it, can be properly disposed of by application of the "twofold-purpose" or "dual-purpose" doctrine.

The "going and coming cases" were discussed in *Howard* v. *City of Detroit,* 377 Mich 102. There, compensation was awarded to an employee injured while returning to work on a split-shift schedule, on the theory that a split-shift explosed the employee to the hazards of highway travel to a greater extent than an ordinary shift. Plaintiff Howard was concededly on his own time and performing no service for his employer. Mrs. Burchett, on the other hand, was transporting papers and other school property when she was injured. Examination of previous Michigan cases discloses that this injustice need not be perpetuated.

The dual-purpose rule was in effect in Michigan as long ago as 1922, when it was applied in *Clifton* v. *Kroger Grocery & Baking Co.,* 217 Mich 462, to justify an award of compensation to a store employee who was instructed, as a part of his duties, to take home with him each night for safekeeping all the money taken in at the store after banking hours, and where, while so doing, he was struck by an automobile and injured. In *Clifton,* the Court observed that (pp 465, 467):

"This general rule has its full application to common laborers and other employees who work during stated hours at specified places, and when they are

through for the day are free to go where they like and do as they please, with no further responsibility under their employment or duty to perform for their employers until working hours begin the next day or until they again resume their employment. If in the meantime they are accidentally injured while going somewhere or doing some act wholly for their own benefit they are not protected by the statute. But that rule does not necessarily apply where the injured employee is yet acting within the scope of his employment, carrying out the orders of his employer and performing some duty to further the latter's business. Where he was going or what he was doing might also further his own interests but it would not in itself bar him from recovery. * * *

"That plaintiff was performing a daily duty imposed by distinct orders of his employer at the time and as required by the terms of employment is undisputed, and there is evidential support for the conclusion of the board that there were peculiar circumstances surrounding this case."

See, also, *Punches* v. *American Box Board Co.,* 216 Mich 342, which was cited in *Clifton Case* as authority for the rule.

It should be emphasized that the general rule is that employees going or coming from work are *not* covered by the workmen's compensation act. In applying the dual-purpose doctrine, strict tests must be met.

The existence of the dual-purpose doctrine in Michigan was established by the following cases: *Punches* v. *American Box Board Co.,* 216 Mich 342; *Clifton* v. *Kroger Grocery & Baking Co.,* 217 Mich 462; *Anderson* v. *Kroger Grocery & Baking Co.,* 326 Mich 429. Possessing neither logic nor authority for overruling the entrenched dual-purpose doctrine, the controlling opinions in *Baas* v. *Society for Chris-*

*tian Instruction,* 371 Mich 622, ignore it. "In law also the right answer usually depends on putting the right question."* Rather than engage in a fruitless query of whether the fact that plaintiff was transporting papers and books contributed in any way to her injuries, as was done in *Baas,* we should instead see if plaintiff meets the dual-purpose rule.

The rule has been reduced to a simple formula: If a special trip would have had to be made if the employee had not combined this service with his going or coming trip, then the dual-purpose rule applies. A recognized authority on workmen's compensation further subdivides this test into several questions: Does the employer expect or command teachers to transport papers home for correction? Does the employer provide time and facilities for doing this work on the employer's premises? Or, alternatively, is the teacher transporting these papers home for her own convenience? Finally, the all conclusive question: If the teacher failed to transport the papers, would the employer find it necessary to hire someone else to complete this task? See 1 Larson, Workmen's Compensation Law, § 18.32.

The findings of the referee in the case at bar provided answers to these questions, and the findings are supported by the testimonial record. The appeal board disregarded these findings and disposed of the case on the law of *Baas, supra.* The case is returned to the appeal board for proper application of the dual-purpose doctrine. *Murphy* v. *Flint Board of Education,* 314 Mich 226, and its progeny, *Baas* v. *Society for Christian Instruction,* 371 Mich 622, are overruled to the extent that they deny compensation, without consideration of the dual-

---

* *Estate of Rogers* v. *Commissioner of Internal Revenue,* 320 US 410, 413 (64 S Ct 172, 88 L ed 134).

purpose doctrine as to those injured going to or coming from work.

BLACK, SOURIS, and ADAMS, JJ., concurred with T. M. KAVANAGH, C. J.

SMITH, J., concurred in the result.

O'HARA, J. (*concurring in result*). I concur in the result reached by Chief Justice KAVANAGH but I am impelled to record it is for a reason other than he has assigned.

I do not read our case precedent as having adopted the dual or twofold-purpose rule. Its adoption has been strongly advocated but never expressly judicially approved. I see no purpose in a lengthy dissertation as to the reasons for this view.

I regard the doctrine new to our. case law. I yield to the majority view of our Court and accept it.

DETHMERS, J. (*dissenting*). This is an appeal by plaintiff, on leave granted, from the court of appeals' denial of leave to appeal from a workmen's compensation appeal board order denying compensation benefits.

It is another case of injury of a schoolteacher in an automobile accident while traveling between school and her home. The question, as usual, is whether the injury arose out of and in the course of her employment.* The appeal board, on December 17, 1964, held that it did not, basing its decision on the holding of this Court in *Baas* v. *Society for Christian Instruction,* 371 Mich 622. At that time this Court had not yet handed down its opinions of February 8, 1966, in *Howard* v. *City of Detroit,* 377

---

* See CLS 1961, § 412.1 (Stat Ann 1960 Rev § 17.151).—REPORTER.

Mich 102. Whatever may be concluded as to what was decided in that case as far as a rule of law is concerned, I continue, as I wrote in that case, to be well content with the decision in *Baas*. The appeal board was right in holding that this case is controlled by that. This requires denial of compensation benefits here.

As plaintiff says in her brief, the facts in this case and *Baas* are substantially the same. Plaintiff points, however, to the following distinctions on the facts between the two, namely: (1) in this case plaintiff was on her way home from school when injured instead of going from home to school as in *Baas,* and (2) plaintiff here was taking home schoolwork as regularly required for any teacher in defendant's school system to properly perform her work, while in *Baas* the teacher apparently, so says this plaintiff, was of limited teaching experience and, for that reason, may have had special need for her own benefit to take schoolwork home. These factual distinctions appear to me to be of no significance as determinative of whether the injury arose out of and in the course of employment.

The order should be affirmed.

KELLY, J., concurred with DETHMERS, J.