■ In the Matter of the Claim of JOHN MARSH, Respondent, v. ROCHESTER TELEPHONE CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the self-insured employer from a decision and award of the Workmen's Compensation Board on the grounds that there is no substantial evidence to support the board's conclusion that claimant's accident arose out of and in the course of employment. Claimant, an installer-repairman who had for four or five weeks prior to the accident been attending a special equipment school for telephone company employees, was called by a superior at his home at about 9:15 P.M. on April 19, 1964 and requested to go to the Town of Victor, New York, where a telephone equipment failure had occurred. Because he was attending school claimant had turned in his repair tools, which he ordinarily would have kept either at his home or in his car, and therefore had to proceed first to the phone company's Canandaigua office to pick up the necessary tools before going on to Victor. Claimant thereupon left his home in his own car and drove to the telephone company office in Canandaigua where he picked up a company truck and the necessary repair tools and proceeded to Victor. At 10:15 claimant called a test board to report that the repair work had been completed. This was the last time he was heard from or seen until "about 12:30 A.M." when he was discovered unconscious in his demolished car. There were no witnesses to the accident and claimant, suffering amnesia, apparently recalls none of the intervening events. However, since he was found in his own car which was headed toward his home, it is clear that he did make the return trip from Victor to Canandaigua, effect the exchange of vehicles and begin his homeward journey. Appellant urges initially that, even conceding claimant to be an outside employee at the time of the accident and thus as a general rule entitled to portal to portal coverage (*Matter of Theyken* v. *Diplomat Prods.*, 268 N. Y. 658), since he was required to check in and out at Canandaigua the trip home could not be considered as part of employment citing *Matter of Shafran* v. *Board of Educ.* (25 A D 2d 336). Concededly, as pointed out in *Shafran* there is authority for such a position (see, e.g., *Matter of Blackley* v. *City of Niagara Falls*, 284 App. Div. 51), but such authority is clearly not applicable here. The board could clearly find that on the instant occasion claimant did not proceed to Canandaigua to check in but merely to pick up his repair tools which ordinarily would have been in his house or car and further that claimant's regular pattern of employment did not require a regular check in and check out procedure at Canandaigua. Additionally, it is contended that claimant had left employment by undertaking a "personal deviation" citing *Matter of Pasquel* v. *Coverly* (4 N Y 2d 28) and *Matter of Owen* v. *Oneida Ltd.* (16 A D 2d 1005). Such a determination, however, is factual and we cannot say as a matter of law that the board was required to find sufficient evidence of deviation with an increase in the risk in the homeward journey in the present case to overcome the presumption of a compensable accident (Workmen's Compensation Law, § 21; *Matter of Church* v. *Worthington Corp.*, 12 A D 2d 571, mot. for lv. to app. den. 9 N Y 2d 609; *Matter of Ackerman* v. *Dairymen's League Co-op. Assn.*, 10 A D 2d 112, mot. for lv. to app. den. 8 N Y 2d 706). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy and Staley, Jr., JJ., concur with Reynolds, J.