Argued December 23, 1976, affirmed January 17, 1977

WALKER, *Appellant,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(No. 93782, CA 6866)
558 P2d 1270

Harold W. Adams, Salem, argued the cause and filed the brief for appellant.

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

THORNTON, J.

**THORNTON, J.**

The issue presented in this workmen's compensation case is whether claimant's injury while enroute home after work arose out of and in the course of her employment as required by the Workmen's Compensation Law.

Claimant appeals from an order of the circuit court reversing the referee and the Workmen's Compensation Board which had held that she was entitled to workmen's compensation benefits.

Claimant, a Clerk-Matron II in the Marion County Sheriff's office, was injured when struck by a car while walking to her own automobile, which was parked on a Salem street, following the end of her shift.

■ Generally, injuries sustained by employes when going to or coming from work are not compensable under the Workmen's Compensation Law. *White v. S.I.A.C.,* 236 Or 444, 389 P2d 310 (1964); *Gumbrecht v. SAIF,* 21 Or App 389, 534 P2d 1189 (1975). This general rule, known as the "going and coming rule," is subject to several exceptions. *See, e.g., Montgomery v. State Ind. Acc. Com.,* 224 Or 380, 356 P2d 524 (1960); *Boyd v. Francis Ford, Inc.,* 12 Or App 26, 504 P2d 1387 (1973), and authorities cited therein.

In this case claimant advances a so-called 'police officer exception' to the going and coming rule. This exception has been recognized in several jurisdictions. Neither appellate court in Oregon has considered this issue.

■ Claimant's theory is that she is a police officer and that because of the special nature of her duties, her on-call status, and the fact that she was uniformed at the time of the accident, the going and coming rule should not be applied. As noted above this 'police officer exception' to the going and coming rule has some support in other jurisdictions. *See, Garzoli v. Workmen's Comp. App. Bd.,* 2 Cal3d 502, 86 Cal Rptr 1, 467 P2d 833 (1970); *Warg v. City of Miami Springs,*

249 So2d 3 (Fla 1971); *Sweat, et al., v. Allen,* 145 Fla 733, 200 So 348 (1941); *Jasaitis v. Paterson,* 31 NJ 81, 155 A2d 260 (1959); *Mayor & Aldermen v. Ward,* 173 Tenn 91, 114 SW2d 804 (1938).

■ We conclude that the case at bar falls within the scope of the "going and coming rule" as interpreted by the appellate courts of this state, and that we should not follow the proffered rule. Absent special circumstances such as a finding that claimant at the time of the injury was engaged in furthering the employer's business, claimant would not be entitled to benefits. Claimant relies on the fact that she was in uniform and on call at the time of the accident. We find no persuasive distinctions between her situation and that of a myriad of other uniformed, on-call persons ranging from hospital personnel to housing maintenance personnel and are unwilling to forge a general exception to the going and coming rule for persons whose employment requires a uniform and on-call status.

As the New York court noted in discussing a similar claim:

> "* * * So far as the argument that he was subject to call twenty-four hours a day is concerned, the simple answer is that he had finished his regular work and had not been called for anything further. Moreover on the basis of his own admission he was not engaged at the time of the accident in any work connected with his duties as a policeman. To say that any accident which he sustained when not on post duty was covered because he was subject to call and required to act as a policeman should the occasion require, is somewhat unrealistic. If, as in the case here, he was injured at a time when he was off active duty and was engaged in an activity in no way connected with his duties as a policeman, it cannot be said with any semblance of logic that the injury arose out of his employment." *Matter of Blackley v. City of Niagara Falls,* 284 App Div 51, 53, 130 NYS2d 77, 79 (1954).

*Accord: McKiernan v. New Haven,* 151 Conn 496, 199 A2d 695 (1964); *Simerlink v. Young,* 172 Ohio St 427, 178 NE2d 168 (1961).

Affirmed.