CHAMBO v CITY OF DETROIT

Docket No. 31292. Submitted January 9, 1978, at Detroit.—Decided
     May 24, 1978.

     Norman Chambo, a full-time police officer, was in uniform in his
     own vehicle on the most direct route from his home in Detroit
     to his duty station also in Detroit. The route took him through
     part of the City of Dearborn where he was involved in an
     accident and incurred injuries and loss of work. Defendant,
     City of Detroit Police Department, appeals by leave granted
     from a Workmen's Compensation Appeal Board decision affirm-
     ing an administrative law judge's award of compensation to
     plaintiff. The issue on appeal is whether a police officer, in
     uniform, carrying a city owned gun and badge in his privately
     owned vehicle on the most direct route between his Detroit
     residence and his Detroit duty station which takes him through
     part of Dearborn is entitled to worker's compensation benefits
     for injuries sustained in Dearborn while enroute to work. *Held:*

         Worker's compensation benefits should be denied where a
     policeman is injured outside of the city limits of his city
     employer while not participating in police conduct because he
     is outside the jurisdiction wherein he could function with the
     authority of a police officer and is in no position to benefit his
     employer.

         Reversed.

1. APPEAL AND ERROR—WORKMEN'S COMPENSATION—WORKMEN'S COM-
     PENSATION APPEAL BOARD—QUESTIONS OF LAW.
     A Workmen's Compensation Appeal Board determination that a
     plaintiff's injuries sustained in an auto accident arose out of
     and in the course of employment is based on a question of law
     and is not conclusive on the Court of Appeals.

2. WORKMEN'S COMPENSATION—NONCOMPENSABLE INJURIES—TO OR
     FROM WORK.
     Generally, employees going to or from work are not covered by

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation §§ 547, 631.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 250, 255 *et seq.,* 269,
     288.
[3] 82 Am Jur 2d, Workmen's Compensation §§ 250, 255 *et seq.,* 269.

the worker's compensation act; an exception to this rule, known as the dual-purpose rule, applies if a special trip would have had to be made if the employee had not combined the special trip with his going or coming trip; the dual-purpose rule allows recovery when the employee is still acting within the scope of his employment, carrying out the orders of his employer and performing some duty to further the latter's business.

3. WORKMEN'S COMPENSATION—TRAVEL TO WORK—EMPLOYMENT RELATED INJURY—BENEFIT TO EMPLOYER—DENIAL OF BENEFITS.

An injury to an employee on his way to work is sufficiently related to employment if the employer derives a special benefit from the employee's activities at the time of the injury; where a policeman was injured outside the city limits of his city employer while not actively participating in police conduct and there was no benefit to the city from having the officer in uniform and on call since he was outside the jurisdiction wherein he could function with the authority of a police officer, he was not in a position to benefit his employer and worker's compensation benefits should be denied.

*Volz & Higle, P. C.,* for plaintiff.

*Roger E. Craig,* Corporation Counsel, and *Thomas L. Walters,* Assistant Corporation Counsel, for defendant.

Before: ALLEN, P. J., and J. H. GILLIS and M. J. KELLY, JJ.

PER CURIAM. Defendant appeals from a Workmen's Compensation Appeal Board (WCAB) decision affirming an award of compensation to plaintiff by the administrative law judge. This case is submitted on a stipulation of facts.

On May 7, 1969, Norman Chambo, a full-time police officer, was in uniform in his own vehicle on the most direct route from his home in Detroit to his duty station also in Detroit. The route took him through part of the City of Dearborn. At about 3:50 p.m., he was involved in an accident in

Dearborn. He incurred injuries which forced him off work until September 7, 1969, when he returned to his prior job.

It is a mandatory requirement, subject to trial board action that a police officer: (1) Live in the City of Detroit; (2) Carry the city owned weapon with him at all times; (3) Carry the city owned badge with him at all times; (4) Respond to a crime being committed whether on duty or not; (5) Keep himself physically and mentally alert at all times to respond to a call for "help". The wearing of a uniform to and from work, while not mandatory, is recommended and encouraged by the city.

The city has denied liability on the basis that, since he was coming to work, his injuries did not arise out of and in the course of his employment. Mr. Chambo filed a petition for hearing on May 8, 1973. A hearing was held on July 3 and 11, 1974, before an administrative law judge. In a decision dated July 11, 1974, the judge awarded plaintiff benefits of $98 per week from May 8, 1969, to September 6, 1969.

The Workmen's Compensation Appeal Board affirmed the judge's decision on October 26, 1976, in a 3–2 decision. The dissenting opinion would have reversed because Officer Chambo was outside the City of Detroit when the accident occurred.

Defendant made application for leave to appeal to this Court contending that the administrative law judge incorrectly applied the statutory and case law to these facts and reached an erroneous decision. The city further contends that the appeal board erred as a matter of law in granting compensation to Officer Chambo. Defendant's application for leave to appeal was granted April 27, 1977.

Defendant's appeal presents us with an issue of

first impression: Is a police officer, in uniform, carrying a city owned gun and badge in his privately owned vehicle on the most direct route between his Detroit residence and his Detroit duty station which takes him through a part of Dearborn, entitled to worker's compensation benefits for injuries sustained in Dearborn while enroute to work? On the narrow scope of the facts presented we hold that the police officer is not entitled to worker's compensation benefits, and reverse the WCAB.

The WCAB determination that plaintiff's injuries sustained in an auto accident arose out of and in the course of employment is a question of law and not conclusive on this Court. *Pappas v Sport Services, Inc,* 68 Mich App 423, 427; 243 NW2d 10 (1976), *lv den,* 397 Mich 825 (1976).

The issue, while raised for the first time in this state, has been dealt with at the appellate level in other states. The opinions from the various courts are not in agreement.

In Michigan the general rule is that employees going to or from work are not covered by the worker's compensation act. In *Burchett v Delton-Kellogg School,* 378 Mich 231, 236; 144 NW2d 337 (1966), an exception to this rule was supplied in the following formula, known as the dual-purpose rule:

"If a special trip would have had to be made if the employee had not combined this service with his going or coming trip, then the dual-purpose rule applies."

The dual-purpose rule allows recovery when the employee is still "acting within the scope of his employment, carrying out the orders of his employer and performing some duty to further the latter's business". *Burchett, supra* at 235.

Police officers, because of the nature of their job and since in many cases they are expected to be available 24 hours a day, have been allowed recovery in some jurisdictions. See *Warg v Miami Springs,* 249 So 2d 3 (Fla, 1971), *Sweat v Allen,* 145 Fla 733, 200 So 348 (1941), *Garzoli v Workmen's Compensation Appeal Board,* 2 Cal 3d 502; 86 Cal Reptr 1; 467 P2d 833 (1970), *Jasaitis v City of Paterson,* 31 NJ 81; 155 A2d 260 (1959), *Mayor & Alderman v Ward,* 173 Tenn 91; 114 SW2d 804 (1938). See generally 1 Larson, Workmen's Compensation Law, § 15.43, p 4-60, n 64, § 16.12, pp 4-105 to 4-106, nn 42–43. Other jurisdictions have denied recovery. *Walker v State Accident Insurance Fund,* 28 Or App 127; 558 P2d 1270 (1977), *Blackley v Niagara Falls,* 284 App Div 51; 130 NYS2d 77 (1954), *McKiernan v New Haven,* 151 Conn 496; 199 A2d 695 (1964), *Simerlink v Young,* 172 Ohio St 427; 178 NE2d 168 (1961). See generally 1 Larson, Workmen's Compensation Law, *supra.*

To justify his claim to entitlement of benefits, plaintiff argues that the city has benefited from the requirements of being a police officer in the City of Detroit referred to above. In *Stark v L E Myers Co,* 58 Mich App 439, 443; 228 NW2d 411 (1975), *lv den,* 394 Mich 814 (1975), the Court noted that one of the considerations relevant to determining whether an injury to an employee on the way to work was sufficiently employment related was "whether the employer derived a special benefit from the employee's activities at the time of the injury".

The narrow facts of this case refute the benefit argument of the plaintiff. Plaintiff was injured outside the city limits of Detroit, and was not injured while actively participating in police con-

duct. Under these facts the city did not benefit from having the officer in uniform and on call since he was outside the jurisdiction wherein he could function with the authority of a police officer.

In a Florida case cited by the plaintiffs, *Sweat v Allen, supra,* the Supreme Court of Florida upheld a finding of entitlement to worker's compensation granted to a deputy sheriff who was on call all day and night. The sheriff was assigned as an assistant jailer. His regular hours were from 7 a.m. to 7 p.m. One morning while he was walking from his home to a bus line to go to work, he was struck by a dairy truck and was severely injured. Compensation was granted and upheld, the court stating:

"The case at bar is not that of an ordinary workman going to work; for by the very nature of the service the claimant performed, he was continuously intrusted with certain duties, namely, to protect the peace and safety of the community and apprehend those guilty of its violation. His personal life was subservient at all times to call of official service; he was, so to speak, on guard twenty-four hours a day, with no increase in salary in proportion to the time devoted. This high duty of the office rested upon the claimant and was a part of his employment notwithstanding the fact that he was immediately assigned as the jailer, for the word 'employment', as used in the Workmen's Compensation Act, refers to the whole period of time or sphere of activities, regardless of whether the employee is actually engaged in doing the thing he was employed to do. *Wirta v North Butte Mining Co.,* 64 Mont. 279, 210 P. 332, 30 A.L.R. 964." 200 So at 350.

See *Warg v Miami Springs, supra,* 249 So 2d at 5, *Miami Beach v Valeriani,* 137 So 2d 226, 228–229 (Fla, 1962).

The *Sweat* case was not without dissent, however. The dissent was concerned that the plaintiff

"was not performing any service growing out of and incidental to his employment". 200 So at 353. The dissent foresaw the danger of a deputy sheriff recovering for injuries received while at home, a party, or on a personal mission. This is certainly a danger which requires us to emphasize that recovery may be allowed in some instances, but a line must be drawn within reason to avoid absurd results in future cases.

We think the reasoning set forth in a subsequent Florida case which distinguishes *Sweat v Allen, supra,* is applicable here. *Miami Beach v Valeriani, supra.* In *Valeriani,* the plaintiff was a police officer of the City of Miami Beach. At the request of his employer he also had been commissioned as a deputy sheriff of Dade County. On his way to work as a Miami police officer, he was assaulted at least a mile from the Miami Beach City limits while attempting to make an arrest. The court held that the injuries resulting from the assault did not arise out of and in the course of his employment with the Miami Beach Police Department. The court stated:

"The facts in the *Sweat v. Allen* decision distinguish it from the facts in the case at bar. There Allen, even though on his way to work, was in a position to carry out his duties as a deputy sheriff of Duval County and make an arrest if necessary and proper at the place where he was injured because it was in Duval County. Here Valeriani, a Miami Beach detective, was not in a position to make an arrest at the place where he was injured as a police officer of Miami Beach but only as a deputy sheriff of Dade County because he had no power to make an arrest outside of Miami Beach for a violation of the Metropolitan Dade County Traffic Code. This we believe is the essential point of difference which caused this Court to affirm an award of compensation benefits to Allen and requires us to deny them to

Valeriani. Claimant, according to his own testimony, was acting as a deputy sheriff of Dade County in attempting to make an arrest and we are not here concerned with any possible compensation claim against Dade County, but only one against the City of Miami Beach." 137 So 2d at 229.

We find that since plaintiff was in the City of Dearborn when he was injured, that he is in almost the same situation that confronted Valeriani. He was not in a position to benefit the City of Detroit. We hold that where the plaintiff is not involved in any activity that may be considered connected with his employment as a Detroit police officer,—*i.e.*, his presence in the City of Dearborn where he was injured,—benefits will be denied. *Walker v State Accident Insurance Fund, supra, Blackley v Niagara Falls, supra, Simerlink v Young, supra.* But see *Jasaitis v City of Paterson, supra.* The benefits noted in the *Jasaitis* opinion, however, are not applicable where the officer is outside the City of Detroit and the citizens of Detroit are not benefiting. *Cf. Krasnoff v New Orleans Police Dept,* 241 So 2d 11 (La, 1970).[1]

Our holding is supported by the recent Oregon decision, *Walker v State Accident Insurance Fund, supra,* which cited the following passage from the New York case of *Blackley v Niagara Falls, supra:*

---

[1] The *Krasnoff* Court stated:

"We entertain no doubt, under the circumstances, that the accidental injury to plaintiff arose out of and in the course of his employment. At the time of the accident plaintiff was not in the position of, say, an off-duty officer injured while changing his own car's tire, whose actions and injury would be unrelated to his employment as a policeman. Here we believe plaintiff was injured precisely because he was engaged in discharging the obligations of his employment, and his accidental injury was a compensable one because arising out of and in the course of his employment, R.S. 23:1031. Any other conclusion would invite 'off duty' police officers to ignore rape, robbery, mayhem, murder, and any other imminent damage to a citizen or his property."

"' * * * So far as the argument that he was subject to call twenty-four hours a day is concerned, the simple answer is that he had finished his regular work[2] and had not been called for anything further. Moreover on the basis of his own admission he was not engaged at the time of the accident in any work connected with his duties as a policeman. To say that any accident which he sustained when not on post duty was covered because he was subject to call and required to act as a policeman should the occasion require, is somewhat unrealistic. If, as in the case here, he was injured at a time when he was off active duty and was engaged in an activity in no way connected with his duties as a policeman, it cannot be said with any semblance of logic that the injury arose out of his employment.' *Matter of Blackley v. City of Niagara Falls,* 284 App. Div. 51, 53, 130 N.Y.S.2d 77, 79 (1954)." (Footnote added.)

We specifically limit the application of our holding to the instant facts, and do not rule on what the result would be if plaintiff was within the city limits of Detroit. The benefits to the city might weigh in plaintiff's favor for compensation under those facts.

Reversed. No costs, a public question being involved.

---

[2] The fact that an officer is on his way home from work rather than going to work is not a material difference between the cases. *Warg v Miami Springs, supra,* 249 So at 5.