### BOTKE v CHIPPEWA COUNTY

Docket No. 176054. Submitted March 14, 1995, at Grand Rapids. Decided April 21, 1995, at 9:45 A.M. Leave to appeal sought.

Robert C. Botke filed a claim for worker's disability compensation benefits for injuries sustained when the police vehicle he was driving went off the road as he was returning from the Chippewa County jail to his home on Drummond Island. Botke, a Chippewa County deputy sheriff employed primarily as a resident deputy for Drummond Island, was on call twenty-four hours a day. A hearing officer concluded that the accident arose out of and in the course of Botke's employment, not only because Botke was on call, but also because his operation of the marked police vehicle on a public road at the time of the accident would benefit his employer, Chippewa County, by acting as a deterrent to criminal activities. The Worker's Compensation Appellate Commission reversed, finding that Botke, in his position as an on-call resident deputy, was acting in the course of his employment only during those periods when he was responding to an on-call situation and that his travel from the jail to his home was not such a situation. The commission did not address the finding that Botke's operation of the marked police vehicle provided a benefit to the county. Botke appealed by leave granted.

The Court of Appeals *held:*

Although an employee normally is not covered by the Worker's Disability Compensation Act for injuries suffered while traveling to and from work, such travel to and from work is covered by the act if at the time of the accident the employer is deriving a special benefit from the employee's activities during that travel time. Because the county received a special benefit from Botke's operation of the marked police vehicle on the public roads at the time of the accident under circumstances in which he was in·constant radio contact and was subject to immediate dispatch, Botke, as a matter of law, was entitled to worker's compensation benefits.

Reversed.

REFERENCES

Am Jur 2d, Workers' Compensation §§ 282, 300, 303.
See ALR Index under Workers' Compensation.

    A sheriff's deputy who, while on the way home in a marked
    police vehicle but subject to immediate radio dispatch, is in-
    jured in an accident is covered by the provisions of the Work-
    er's Disability Compensation Act pursuant to the dual-purpose
    doctrine.

*Stupak & Bergman, P.C.* (by *Frank A. Stupak, Jr.*), for the plaintiff.

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), for the defendant.

Before: SAWYER, P.J., and GRIFFIN and NEFF, JJ.

GRIFFIN, J. Plaintiff appeals by leave granted an order and opinion of the Worker's Compensation Appellate Commission reversing a magistrate's award of benefits to plaintiff. We reverse and reinstate the award.

The relevant facts, essentially, are undisputed. Plaintiff's brief sets forth these facts as follows:

    On July 8, 1990, at approximately 6:30 A.M., Robert Botke was en route from the County Jail in Sault Ste. Marie, Michigan, to his residence on Drummond Island, Michigan, a distance of some seventy miles. As Mr. Botke was traveling southeast on M-48 that morning, he was dressed in his Chippewa County Sheriff's Department uniform, in radio contact with the Chippewa County Sheriff's Department, and driving a marked, fully equipped, Chippewa County Sheriff's Department patrol car, which was the only active patrol car in Chippewa County at that early morning hour. Tragically, before he arrived home, Robert Botke fell asleep at the steering wheel and lost control of the county's patrol car, leaving the roadway and striking an embankment. As a consequence, Mr. Botke suffered severe personal injuries, including injuries to his head, neck, shoulder, and back.

At the time of his accident, Mr. Botke was a deputy sheriff for Chippewa County, a position he held for fourteen years prior to his accident. However, Mr. Botke's primary employment duties with Chippewa County were as the Resident Deputy for Drummond Island, meaning that he was on call twenty-four hours a day and responding, on behalf of the Chippewa County Sheriff's Department, from his home to any matter necessitating law enforcement intervention.

While Mr. Botke generally only worked one day every two weeks at the Chippewa County Jail, on those days when he was commuting between his home and Sault Ste. Marie in the county's patrol car, he was expected, as acknowledged by both the Chippewa County Sheriff and Undersheriff, to respond to police matters if he observed a need for law enforcement or if requested to do so by radio dispatch.

On May 8, 1992, this matter was tried before Worker's Compensation Magistrate Michael D. Wagner. In his findings of fact and conclusions of law, Magistrate Wagner concluded that the accident "arose out of and in the course of" plaintiff's employment. Magistrate Wagner reasoned as follows:

The first issue is whether the July 8, 1990 auto accident arose out of and in the course of his employment. I find that it did since the testimony at trial established that plaintiff was an "on-call" deputy on Drummond Island driving a county police car to and from his shift at the county jail, which would take this case out of the general rule that an employee driving to and from work is not in the course of his employment. I also find that a marked police car on the road would benefit the employer by providing a deterrent to other motorists violating the law. *Chambo v City of Detroit,* 83 Mich App 623 [269 NW2d 243 (1978)]; *Slaughter v City of Detroit,* MIWCLR 3117 (1990).

The WCAC reversed, holding that "plaintiff's on-call status applied only to his position as resident deputy on Drummond Island. . . . Plaintiff was not responding to an on-call situation or returning from responding to an on-call situation at the time of the accident." The WCAC did not address the magistrate's finding that plaintiff's operation of the marked police car provided a benefit to defendant, Chippewa County.

Both parties agree that as a general rule employees going to or from work are not covered by the worker's compensation act. In *Burchett v Delton-Kellogg School,* 378 Mich 231; 144 NW2d 337 (1966), the Supreme Court established an exception to this general principle known as the dual-purpose rule. Under the dual-purpose exception, travel to and from work may be covered by the worker's compensation act if at the time of the trip "the employer derived a special benefit from the employee's activities at the time of the injury." *Chambo v Detroit,* 83 Mich App 623, 627; 269 NW2d 243 (1978), quoting *Stark v L E Myers Co,* 58 Mich App 439, 443; 228 NW2d 411 (1975).

In *Chambo, supra,* this Court found that under "the narrow facts" of the case that the dual-purpose exception did not apply because the travels by the plaintiff police officer outside his jurisdiction did not benefit his employer. The facts of the present case support the contrary conclusion. At the time of this accident, defendant Chippewa County clearly received a benefit from plaintiff's operation of the county's only active on-road patrol vehicle. Although the road traveled by plaintiff was mostly rural in character, the county received the benefit of deterrence of traffic violations by virtue of the presence of the marked patrol vehicle. Furthermore, although plaintiff was officially off duty, he was expected to respond to any inci-

dents observed by him that necessitated law en-
forcement intervention. He remained in radio con-
tact with defendant and was subject to immediate
dispatch. Under these facts, we hold that the dual-
purpose rule applies and that the WCAC erred as a
matter of law in ruling otherwise.

Reversed.