In the Matter of the Claim of the STATE TREASURER and Another, Respondents, against ULYSSES APARTMENTS, INC., and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 13, 1931.

*Nadal, Jones & Mowton* [*Edward P. Mowton* of counsel], for the appellants.

*Hamilton Ward, Attorney-General* [*Alexander A. Tausky, Deputy Attorney-General,* and *E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondents.

HILL, J. The employer's report states that decedent met his death from an injury received during his regular employment "while using paint remover * * * he lit a cigarette and caught fire." Awards aggregating $1,000 have been made, one-half of the amount to the order of "Special Fund" under subdivision 8 of section 15 of the Workmen's Compensation Law, and one-half to the order of "Vocational Rehabilitation Fund" under subdivision 9 (as amd. by Laws of 1926, chap. 261). Reversal of the awards is sought upon the claim that it appears from the undisputed evidence that while decedent was working in his regular occupation as a painter, he smoked in violation of the directions and orders of the employer, while using inflammable paint remover. Compensation is not denied to an employee who is injured while doing a task assigned to him, even though he does it in a forbidden manner. (*Macechko* v. *Bowen Mfg. Co.,* 179 App. Div. 573; *Erdberg* v. *United Textile Print Works,* 216 id. 574; *Freitag* v. *American Railway Express Co.,* 209 id. 233.) It is denied when

he has gone outside the scope of his employment and is injured in connection with work which he has been directed not to do, like oiling a machine which he had been forbidden to oil under any conditions (*Yodakis* v. *Smith & Sons Carpet Co.*, 193 App. Div. 150, citing *Mandsley* v. *West Leigh Colliery Co., Ltd.*, 5 B. W. C. C. 80) or riding upon an elevator upon which he had been told not to ride (*Ebberman* v. *Walther & Co.*, 209 App. Div. 248; *Barnes* v. *Nunnery Colliery Co., Ltd.*, L. R. [1912] A. C. 44; 5 B. W. C. C. 195). This decedent had been directed to use the paint remover at a specified place. His injury was received while carrying out such directions.

The awards should be affirmed for another reason. There is no evidence binding upon the State that decedent did smoke in violation of orders. The only proof relied upon by appellant to establish this claimed fact is an admission made by decedent. If the right of the State had been received from the decedent, his acts and declarations would be competent, but not otherwise. Decedent or his successors were never entitled to these awards. The right of the State is an original, independent and statutory one. It does not arise through subrogation or assignment. (*Matter of State Treasurer* v. *West Side Trucking Co.*, 233 N. Y. 202.)

The award should be affirmed, with costs to the State Industrial Board.

All concur.

Award affirmed, with costs to the State Industrial Board.