In the Matter of the Claim of MARIA CHILA, Appellant, against NEW YORK CENTRAL RAILROAD COMPANY Employer and Self-Insurer, Respondent.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 2, 1937.

*Rowland H. Long* [*David D. Glanz* and *Horace Valenstein* with him on the brief], for the appellant.

*Whalen, McNamee, Creble & Nichols* [*Robert E. Whalen* of counsel], for the employer and self-insurer, respondent.

RHODES, J.  An award was denied by the Board, which found that " at the time that the said Diego Chila sustained the injuries which resulted in his death, he was violating his employer's rule against using the railroad tracks for passageway."

Deceased was employed as a porter.  His duties were to clean Tower A located in the upper level tunnel on Park avenue between Forty-ninth and Fiftieth streets in the city of New York; also to clean the enginemen's rest room located in the same building, said tower being on the  east side of Park avenue.   He was also required to clean Tower U, located on the west side of Park avenue between Fifty-sixth and Fifty-seventh streets, in the upper level tunnel. The distance between the towers is about 1,200 feet.

On December 4, 1934, he was found dead, his body lying about 100 feet south of said Tower U alongside the railroad tracks. There was no witness to the accident, but it is undisputed that he was struck by a train and killed while walking along the tracks.

About three years prior to the accident the general yardmaster of the employer had noticed deceased walking along the tracks and instructed him to use the street and not the tracks in passing from one tower to the other, and had furnished deceased with a key which fitted the doors to Tower A and Tower U, so that he could enter and leave from the street without using the tracks.

There is some testimony in the record to the effect that the deceased and other porters used these tracks to the knowledge of the employer.

The appellant argues that the deceased employee was injured while doing a task assigned to him, although he did it in a forbidden manner.

The respondent asserts that the deceased, while walking upon the tracks in violation of his instructions, stepped out of his employment; that he was doing that which he had not been employed to do, but, on the contrary, was doing that which he had been forbidden to do.

The distinction between the two classes of cases is pointed out in *Matter of State Treasurer* v. *Ulysses Apartments, Inc.* (232 App. Div. 393).

Counsel for employer concedes in his brief that if the deceased, adhering to his instructions, met with an accident while going along the surface of Park avenue *en route* from one tower to the other, unquestionably he would have been within the provisions of the act.

The employment made it necessary for deceased to pass over the intervening space between these towers. This was a part of his work, though he deviated from the assigned route and passed over a forbidden route traveling from one tower to the other.

In *Matter of Brenchley* v. *International Heater Co.* (254 N. Y. 536), deceased was employed as an electrician by a manufacturer of heaters. While attempting to do some insulation work inside of an elevator shaft he was crushed by a descending elevator. There was evidence that he had been instructed not to enter the shaft, but an award of compensation was affirmed.

The cases involving the question are numerous. Proper application of the rule is often difficult, and any attempt to differentiate or distinguish some of the cases would be fruitless and, perhaps, impossible.

Under the authority, however, of the cases above cited, the matter here seems to come under the classification of an employee performing his work in a forbidden manner, and does not fall under the classification of an employee doing work which he had not been employed to do and which he had been forbidden to do, as the decedent did not use an instrumentality which the master had forbidden him to use.

It follows, therefore, that, upon the facts established, it must be held as a matter of law that the accident arose out of and in the course of decedent's employment, and that claimant is entitled to an award.

The decision should be reversed and the matter remitted, with costs to the appellant against the employer respondent.

HILL, P. J., McNAMEE and HEFFERNAN, JJ., concur; BLISS, J., dissents.

Decision reversed and claim remitted to the State Industrial Board, with costs to the claimant against the New York Central Railroad Company.