ANNA D. D. HERBST *v.* HAT CORPORATION OF
AMERICA ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued February 3—decided March 19, 1943.

*John Keogh, Jr.,* with whom, on the brief, was *William O. Keene,* for the appellant (plaintiff).

*Francis J. Moran,* with whom was *John E. McNerney,* for the appellees (defendants).

JENNINGS, J. The amended finding of the commissioner, as corrected, discloses the following facts: The plaintiff is the widow of Julius Herbst, who for fifteen years before his death worked as a maintenance man at the East Norwalk plant of the Hat Corporation of America, hereinafter referred to as the defendant. At

about 9:40 a.m. during the regular working hours of Herbst on August 31, 1939, he secured a requisition for five pounds of nails and took it from plant 3 of the defendant to plant 1, situated some little distance away. When Herbst arrived at plant 1 the nails were not obtainable and he started to return to plant 3. There were three possible routes between plant 1 and plant 3: one by the public highways, one through an adjoining coalyard and the other up a pathway to a spur track on the property of the New York, New Haven and Hartford Railroad Company and then along the track to another path which descended to plant 3. The last route was the shortest, and this Herbst took. The defendant, by signs posted in its plant and by personal instruction to its employees, had forbidden the use of this path along the spur track. In spite of this the path, to the knowledge of the defendant, was frequently used by its employees in going back and forth between the plants, and while the defendant had put up signs not to use railroad property, and sporadically had forbidden employees to use it, it had made no great or successful effort to stop that use.

When Herbst reached the track he was carrying a length of pipe. The pipe was not for use in his work or for use in the plant. Where or how he procured the pipe did not appear. While Herbst was walking along the track with this pipe it got into the path of a passing train, and was struck by the train, and as a result Herbst was killed. The train did not strike Herbst and he would not have been hurt if he had not been carrying the pipe. Herbst was not guilty of serious and wilful misconduct. On these facts the commissioner concluded that Herbst did not sustain an injury arising out of and in the course of his employment which resulted in his death.

There is considerable question whether the conclusion that the injury did not arise in the course of the employment is supported by the finding as corrected. Whether the injury arose out of the employment depends upon the determination of the intent and purpose with which the acts were performed by Herbst. A finding of a fact of this character is the finding of a primary fact. Herbst was instantaneously killed and no information as to his purposes or intent was available from his lips. Since there is no direct evidence of these facts the question is whether they can reasonably be inferred from all of the evidence in the case. *Howe* v. *Watkins Bros.*, 107 Conn. 640, 644, 142 Atl. 69; Conn. App. Proc., § 77 et seq., § 123. Perusal of the evidence has convinced us that the misapprehension of the commissioner of the true standards and applicable rules of law, perhaps unconsciously but nevertheless effectively, resulted in a finding of which the plaintiff justly complains. The burden of proving that the injury arose in the course of and out of Herbst's employment was on the plaintiff. This ordinarily and in this case presents a question for the determination of the commissioner and we have no intention of usurping his function. *Rosenberger* v. *Mar-Bern Coal Co.*, 151 Pa. Super. 373, 385, 30 Atl. (2d) 153; *Fiengo* v. *E. Vitale, Inc.*, 125 Conn. 559, 562, 7 Atl. (2d) 385. It should appear, however, beyond question, that in determining this issue the correct standards were applied. The very recent case of *Jones* v. *Hamden,* 129 Conn. 532, 534, 29 Atl. (2d) 772, is exactly in point. In that case this issue was held to be one of fact but the case was remanded because it appeared that the wrong standard was applied. "Cases under the Workmen's Compensation Act are upon a different basis from actions between ordinary litigants. No case under this Act should be

finally determined when the trial court, or this court, is of the opinion that, through inadvertence, or otherwise, the facts have not been sufficiently found to render a just judgment. When this appears, the case must be returned to the commissioner for a finding in accordance with the suggestions made by the trial court or this court, and for an award to be made upon the corrected finding." *Cormican* v. *McMahon*, 102 Conn. 234, 238, 128 Atl. 709.

In *Larke* v. *Hancock Mutual Life Ins. Co.*, 90 Conn. 303, 97 Atl. 320, the rule was stated to be (pp. 308, 309): ". . . an injury to an employee is said to arise in the course of his employment when it occurs within the period of his employment, at a place where he may reasonably be, and while he is reasonably fulfilling the duties of his employment, or engaged in doing something incidental to it. 'In the course of' points to the place and circumstances under which the accident takes place and the time when it occurred. . . . The term 'arising out of' in this Act points to the origin or cause of the injury. . . . It presupposes a causal connection between the employment and the injury." See General Statutes, § 5223. This definition has been applied many times since but, as is usual in such cases, its formulation has been easier than its application.

The commissioner apparently decided that Herbst was not in the course of his employment because he was taking a forbidden route and was a trespasser on railroad property. This result does not necessarily follow from the facts found. See *Procaccino* v. *Horton & Sons*, 95 Conn. 408, 412, 111 Atl. 594; *Bountiful Brick Co.* v. *Giles*, 276 U.S. 154, 158, 48 Sup. Ct. 221; *Dubit* v. *Sheffield Farms Co., Inc.*, 118 N.J.L. 411, 416, 193 Atl. 546; *Travelers Ins. Co.* v. *Burden*, 94 Fed. (2d) 880, 882; *Matter of State Treasurer* v. *Ulysses Apart-*

*ments, Inc.,* 232 App. Div. 393, 250 N.Y.S. 190; *Matter of Chila* v. *New York Central R. Co.,* 251 App. Div. 575, 297 N.Y.S. 850; affd., 275 N.Y. 585, 11 N.E. (2d) 766; note, 119 A.L.R. 1414, and previous notes therein referred to. When Herbst was unable to get the nails at plant 1 it was his duty to return to plant 3. The injury therefore occurred within the period of his employment while he was fulfilling his duties. Whether it occurred at a place where he might reasonably be is the question to be decided by the commissioner. The test is, was the use of this route a risk annexed to the employment by the acquiescence of the employer? *Drouin* v. *Chelsea Silk Co.,* 122 Conn. 129, 134, 187 Atl. 904; and see *Matter of Marks* v. *Gray,* 251 N.Y. 90, 93, 167 N.E. 181.

Since the plaintiff must prove both that the injury arose in the course of and out of the employment, if she fails to prove the first that ends the case. If, however, the commissioner finds that she has prevailed on the first issue, he must then consider the second. While it has been corrected in some respects, the finding that the plaintiff had failed, in effect, to prove that Herbst was carrying this piece of pipe as a part of his work for his employer cannot be successfully attacked in any event, and the injury to Herbst would not have been caused except for the pipe. Under the finding the carrying of the pipe had nothing to do with his employment and it was because he allowed the pipe to get in the way of the train approaching on the next track that his death occurred. The precise question on this phase of the case is, what incidental acts, performed in the course of the employment but not performed for the benefit of the employer, will prevent recovery?

It has been said that acts performed in the course of the employment ordinarily arise out of it. *Reeves* v.

*Dady Corporation*, 95 Conn. 627, 631, 113 Atl. 162. That this is not always true is obvious and is proved by the innumerable cases which have attempted to draw the line and in the varying results reached. Judge Beach wrote an elaborate opinion in *Mann* v. *Glastonbury Knitting Co.*, 90 Conn. 116, 96 Atl. 368, intended to settle this question, but it still frequently arises under differing states of fact. The majority and dissenting opinions in *Reeves* v. *Dady Corporation*, supra, show the narrowness of the issue and the difficulty of keeping the decisions harmonious. Laying out of consideration cases involving injuries suffered on the highway we have on the one hand the *Mann*, *Reeves* and *Howe* cases, supra, *Tiralongo* v. *Stanley Works*, 104 Conn. 331, 133 Atl. 98, and *Smith* v. *Seamless Rubber Co.*, 111 Conn. 365, 150 Atl. 110, in which recovery was denied. On the other hand, recovery was permitted in *Robinson* v. *State*, 93 Conn. 49, 104 Atl. 491; *Ryerson* v. *Bounty Co.*, 107 Conn. 370, 140 Atl. 728; and *Mascika* v. *Connecticut Tool & Engineering Co.*, 109 Conn. 473, 147 Atl. 11. In all of these cases the injury occurred during working hours and while the employee was doing something for his own benefit. The true test is analogous to that applied to determine whether a deviation in agency terminates that relationship. ". . . the trier must take into account, not only the mere fact of deviation, but its extent and nature relatively to time and place and circumstances, and all the other detailed facts which form a part of and truly characterize the deviation, including often the real intent and purpose of the servant in making it." *Ritchie* v. *Waller*, 63 Conn. 155, 165, 28 Atl. 29. This rule leads to the conclusion that unless the case lies clearly on the one side or the other the question whether an employee has so departed from his employment that his injury did not arise out of it is one

of fact. *Neville* v. *Adorno,* 123 Conn. 395, 401, 195 Atl. 613.

Turning to the case at bar, it appears that the commissioner originally refused compensation on the ground that Herbst was taking a forbidden route. On the remand, he found, more or less incidentally, that, in addition, Herbst was on an errand of his own and this was the immediate cause of his death. A new trial may reach the same result but, for the reasons stated, the plaintiff is entitled to have her claim considered in the light of the rules herein set forth. If the employment was the principal thing and the carrying of the pipe was an unimportant incident, a different conclusion might be reached.

There is error, the judgment is set aside and the case is remanded to the Superior Court with direction to sustain the appeal and remand it to the commissioner for further proceedings in accordance with law.

In this opinion the other judges concurred.