JOHN H. McKIERNAN *v.* CITY OF NEW HAVEN

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued March 3—decided March 31, 1964

*John J. Kinney, Jr.,* for the appellant (plaintiff).

*Joseph E. Bove,* with whom, on the brief, was *A. Frederick Mignone,* for the appellee (defendant).

KING, C. J. On April 13, 1962, and for a long time prior thereto, the claimant had been a patrolman in the New Haven police department assigned to the signal repair unit. In accordance with a general order given him when he was first so assigned, he normally reported for work at station 2 at 8 o'clock in the morning, and his working day normally terminated at 4 o'clock in the afternoon. Between those hours he would be assigned by his superior officer to perform such duties as were required. These duties might necessitate his presence in any part of New Haven or at the signal repair department at station 2. Although his normal working hours were from 8 a.m. to 4 p.m., the claimant was subject to being called to duty at any time of the day or night if the chief of police so ordered. For failure to comply with such an order, or with the general order to appear at station 2 at 8 o'clock in the morning, he would be subject to disciplinary action.

On April 13, 1962, the claimant was driving in his own car from his home, in Woodbridge, to station 2, in New Haven, to report for work at 8 o'clock that morning. He had chosen to follow, and was in fact following, a direct route from his home to the station. A few minutes before 8 o'clock, when he had reached a point within the New Haven city limits, his car was involved in an accident. For injuries sustained in that accident he claims compensation. There is no claim that he was doing anything connected with, or in furtherance of, his employment at the time of the accident, except the mere fact that he was on his way to station 2 and had to report

for duty there at 8 o'clock in the morning. The commissioner found that the injury arose in the course of, and out of, the claimant's employment and awarded compensation, largely because of the commissioner's reliance on our decision in *Lake* v. *Bridgeport,* 102 Conn. 337, 345, 128 A. 782. The commissioner and, on appeal by the defendant, the Superior Court, made certain corrections of the finding in the nature of clarifications, none of which was material to this appeal. The Superior Court sustained the appeal. The effect of this was to vacate the award, and from this action the claimant appealed to this court. The sole question presented is whether on the subordinate facts the commissioner could legally conclude that the injury sustained in the motor vehicle accident on the public highway in New Haven arose in the course of, and out of, the claimant's employment as a patrolman. The burden of proving each of these two essential elements of a right to an award of compensation rested on the claimant. *Gordon* v. *United Aircraft Corporation,* 150 Conn. 328, 329, 189 A.2d 384. Unless the collision occurred in the course of the claimant's employment, it could not have arisen out of it, nor could it be compensable. *Whitney* v. *Hazard Lead Works,* 105 Conn. 512, 516, 136 A. 105; *Herbst* v. *Hat Corporation of America,* 130 Conn. 1, 6, 31 A.2d 329.

The claimant correctly recognizes that an injury sustained on a public highway while going to or from work is ordinarily not compensable. A principal reason for this rule is that employment ordinarily does not commence until the claimant has reached the employer's premises, and consequently an injury sustained prior to that time would ordinarily not occur in the course of the employment

so as to be compensable. Furthermore, in cases falling within the ordinary rule, the employee's means of transportation, as well as his route, are entirely within his discretion, unfettered by any control or power of control on the part of the employer. *Lake* v. *Bridgeport*, supra, 342; *Whitney* v. *Hazard Lead Works*, supra, 518; *DeRosa* v. *Levering & Garrigues Co.*, 111 Conn. 655, 659, 151 A. 246. The exceptions to the ordinary rule, four of which are pointed out in the *Lake* case on page 343, arise in situations where the contract of employment itself involves, in its actual performance, or as an incident annexed to it with the knowledge and consent of the employer, the use of the public highways. The importance of the element of benefit to the employer, whether or not there is also benefit to the employee, is illustrated in cases such as *Ohmen* v. *Adams Bros.*, 109 Conn. 378, 385, 146 A. 825; *Davis* v. *Goldie Motors, Inc.*, 129 Conn. 240, 243, 27 A.2d 164; and *Herbst* v. *Hat Corporation of America*, supra. Among the many cases involving applications of the general rule, and its exceptions, in addition to those cited in the *Lake* case, perhaps the most helpful here are *Whitney* v. *Hazard Lead Works*, supra; *Taylor* v. *M. A. Gammino Construction Co.*, 127 Conn. 528, 530, 18 A.2d 400; *Kuharski* v. *Bristol Brass Corporation*, 132 Conn. 563, 566, 46 A.2d 11; *Katz* v. *Katz*, 137 Conn. 134, 138, 75 A.2d 57; and *Hughes* v. *American Brass Co.*, 141 Conn. 231, 234, 104 A.2d 896.

The main claim of the claimant is that the present case is directly controlled by *Lake* v. *Bridgeport*, supra, 345. In that case, a policeman was struck by an automobile while he was on his way, pursuant to orders, to report for duty at a police precinct. He was required to report at this precinct, which

was the one nearest to a theater to which he had been assigned as a special policeman, immediately before, and immediately after, his tour of duty at the theater. It was held that the policeman's injury occurred in the course of his employment because, while obeying the general order to report to the precinct, "the claimant was in the performance of the duties of his office as special policeman." Ibid.

In the present case, the claimant's daily, routine trips to his place of employment at station 2 were not shown to have differed from trips to work made by ordinary employees who were not policemen. As pointed out, injuries sustained on such trips are not compensable. *DeRosa* v. *Levering & Garrigues Co.*, supra, 657; see *Flanagan* v. *Webster & Webster*, 107 Conn. 502, 507, 142 A. 201. There is language in *Lake* indicating that some special rule should be applied to a policeman merely because, in reporting to work daily, he follows a general direction. We find no justification for such a rule and cannot follow it.

There is no finding that the claimant at the time of his injury was actually engaged in furthering the employer's business or was even charged with any duty other than that of reporting to work at the time and place generally directed. Indeed, he was free from any control by, or connection with, his employer. If the claimant had been performing an obligation of his employment, even though on a public highway and before or after his hours of regular employment, his injury, under some circumstances, might be found to have occurred in the course of his employment. But he was not. See 1 Larson, Workmen's Compensation § 16.12, p. 227. It may be that, as the commissioner found, had the claimant not reported at 8 o'clock in the morning

at station 2 he would have been subject to disciplinary action. This might have extended even to suspension or dismissal. This would not, however, without more, make his routine trips between his house and station 2 acts performed in the course of his employment. Any employee who fails to report at his place of employment on time also runs the risk of disciplinary action, which might, at least if his tardiness was habitual, result in his loss of employment.

The commissioner's conclusion that the claimaint sustained his injury in the course of his employment is without support in the subordinate facts, and the Superior Court was not in error in vacating the award and sustaining the appeal.[1]

There is no error.

In this opinion the other judges concurred.

---

[1] Differences in the wording of the workmen's compensation acts in other jurisdictions may give rise to correspondingly variant judicial decisions in factually similar situations involving policemen.

Compensation was denied in *Baughman* v. *Omaha,* 142 Neb. 663, 7 N.W.2d 365; *Simerlink* v. *Young,* 172 Ohio St. 427, 178 N.E.2d 168; and *Blackley* v. *Niagara Falls,* 284 App. Div. 51, 130 N.Y.S.2d 77.

Compensation was allowed in *Jasaitis* v. *Paterson,* 31 N.J. 81, 155 A.2d 260; and *Sweat* v. *Allen,* 145 Fla. 733, 200 S. 348; but see *Leeds* v. *Miami,* 122 So. 2d 474 (Fla.) (in which compensation was denied).

Compensation was allowed, but a greater factual dissimilarity existed, in *Mayor & Aldermen* v. *Ward,* 173 Tenn. 91, 114 S.W.2d 804; and *Healey* v. *Hudson Coal Co.,* 130 Pa. Super. 462, 198 A. 684.