JOYCE WOODLEY *v.* JOSEPH T. ROSSI ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

1

Argued June 4—decided June 23, 1964

*DeLancey Pelgrift,* for the appellant (plaintiff).

*Walter M. Pickett, Jr.,* for the appellees (defendants).

KING, C. J. Frank Woodley, the deceased husband of the claimant, hereinafter referred to as the decedent, was killed about 8 o'clock in the evening of March 21, 1958, while he was operating the named defendant's truck, which went off the road and overturned. The named defendant will hereinafter be referred to as the defendant.

The decedent was employed by the defendant to operate the truck in hauling timber to Higganum, Connecticut, from various woodlots, including one in Norfolk, Connecticut. The decedent was paid on a trip, rather than on an hourly, basis. His home

was in South Deerfield, Massachusetts. When drawing timber from the Norfolk lot, the decedent sometimes went home at night and at other times took a room in a hotel in Winsted so that he would be convenient to the Norfolk lot. When he was drawing timber from that lot and was also spending the night at his home in South Deerfield, it was, by understanding with the defendant, the decedent's custom to leave the truck at a gasoline station in Avon and thence drive home in his personal car, which he left at the station while at work during the day. The commissioner did not find, and was not required to find, that the decedent intended to spend the night in question in Winsted.

On March 21, 1958, he left home at about 7 o'clock in the morning, drove to Avon, took the truck, which he had left the night before fully loaded with timber from the Norfolk lot, and started out to deliver the load at the defendant's plant in Higganum. That same morning, John F. Hagel, general foreman of the defendant, started from Middletown, where the defendant's business office was located, to go to Norfolk with the payroll. Hagel knew that there was not enough cut timber left on the Norfolk lot for another load, that the weather was bad and that there would be no cutting that day. At about 9:30 a.m., Hagel intercepted the decedent on the road, gave him his paycheck, told him there would be no cutting that day at Norfolk because of deep snow, and instructed him to complete the delivery in Higganum and lay off for the day. The decedent completed the delivery, and it was expected that he would return the truck to Avon, where his day's work would terminate.

The decedent drove back to Avon but continued on with the truck to Winsted. The truck was next

seen parked in front of a hotel in Winsted about 5:30 p.m. Otherwise, the decedent's activities between the time he drove through Avon and about 7 o'clock in the evening are unknown. At that time Edward Platt came upon the decedent in a diner near the hotel, and they arranged to eat dinner together at the Brookside Restaurant on the road from Winsted to Avon, after which the decedent said he would continue on with the truck to Avon, leave it, and drive home in his own car. Platt and the decedent left the diner about 7:30 p.m. The accident occurred, and the decedent met his death, before he reached the Brookside Restaurant.

The commissioner concluded that the claimant failed to sustain her burden of proving that after passing through Avon with the empty truck on the return from Higganum the decedent was acting in the course of his employment or was doing anything in furtherance of his employer's business; or that the accident and resulting death arose in the course of, or out of, the employment.

The burden was on the claimant to prove that the accident and the resulting death arose not only in the course of but also out of the employment. Each element is essential in the proof of a compensable injury. *Gordon* v. *United Aircraft Corporation,* 150 Conn. 328, 329, 189 A.2d 384; *Herbst* v. *Hat Corporation of America,* 130 Conn. 1, 4, 31 A.2d 329. An injury to an employee arises in the course of his employment "when it occurs within the period of his employment, at a place where he may reasonably be, and while he is reasonably fulfilling the duties of his employment, or engaged in doing something incidental to it." *Larke* v. *John Hancock Mutual Life Ins. Co.,* 90 Conn. 303, 308, 97 A. 320; *Herbst* v. *Hat Corporation of America,* supra, 5.

Although technically this appeal consists solely of attacks on four paragraphs of the finding, actually the claimant makes two principal claims. The first is that the commissioner should have inferred that, when the decedent went through Avon without stopping, he was going back to Norfolk for another load of timber. The short answer is that there is nothing in the subordinate facts, or elsewhere, requiring, or even justifying, such an inference.

The second claim is that, even if the decedent was on his own business from the time he passed through Avon on his return with the empty truck from Higganum, he resumed his employment when he left the diner in Winsted in the evening and started toward the Brookside Restaurant, since he then had the intention of ultimately driving on to Avon to leave the truck at the gasoline station, pick up his own automobile, and drive home. On this basis, the claimant contends that at the time of the accident, the decedent was acting in the course of his employment.

The decedent's employment terminated when he reached Avon, where he was to leave the truck. As far as is known, the decedent was on a frolic of his own with the defendant's truck from the time he left Avon on his return from Higganum. There is nothing to indicate that during that time he was doing, or had any justification for believing that he was doing, anything connected with or in furtherance of his employment or even anything made incidental to his employment by the acquiescence of the defendant. *Herbst* v. *Hat Corporation of America,* supra, 6. The only reason he had any occasion to return the truck to Avon at any time after he passed through Avon on his return from Higganum was that he had failed to leave the truck

at Avon directly on his return from Higganum at the termination of his day's work.

It is hardly necessary to comment further on the claim of resumption of employment on leaving Winsted for the Brookside Restaurant. Under the claimant's theory, if the decedent had driven the truck to any point in or out of the state that day, the moment he started toward Avon with the intention of returning the truck he would have brought himself back into the course of an employment which had long since terminated for the day. The mere statement of this claim demonstrates its invalidity. See 1 Larson, Workmen's Compensation Law § 19.33. Furthermore, the accident could not have arisen out of the decedent's employment when it was caused by a risk wholly disconnected with the duties of his employment. "[U]nless the case lies clearly on the one side or the other the question whether an employee has so departed from his employment that his injury did not arise out of it [that is, was not causally connected with it] is one of fact." *Herbst* v. *Hat Corporation of America,* supra, 7; *Gordon* v. *United Aircraft Corporation,* supra. Here there was not even a true deviation or departure, since the employment had ceased prior to the accident. Even if, in this case, proof of each of the two essential elements of a compensable injury could be considered a question of fact, the commissioner was fully justified in concluding that the claimant had failed to sustain her burden of proving either element. There was no error in the judgment of the Superior Court affirming the commissioner's award denying compensation.

There is no error.

In this opinion the other judges concurred.