LYNN A. TRUE ET AL. *v.* LONGCHAMPS, INC., ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, JS.

Argued June 10—decision released August 24, 1976

*Justin J. Donnelly, Sr.,* for the appellants (plaintiffs).

*Edward D. O'Brien, Jr.,* for the appellee (defendant).

PER CURIAM. The plaintiffs, who are the widow and minor children of Richard S. True, Jr., appealed to the Court of Common Pleas from a finding and award of the workmen's compensation commissioner in favor of the defendant employer. From a judgment dismissing their appeal, they have appealed to this court. The principal issue raised

is whether the commissioner was correct in concluding that True's death did not arise in the course of or out of his employment with the defendant.

The commissioner found that True was employed by the defendant as the manager of a Steak and Brew Restaurant, with the authority to hire and fire staff personnel. On September 23, 1970, True met with Jeffrey O'Donnell for lunch at about 12:30 at the Pettibone Tavern in Simsbury and offered O'Donnell a job as a chef at the Steak and Brew Restaurant, which offer O'Donnell declined. At some time after 2:30 that afternoon, True and O'Donnell left the Pettibone Tavern and drove in True's automobile to the Rosewood Restaurant, also in Simsbury, where True engaged in small talk about the restaurant business with first the owner and then the manager of the Rosewood. While at lunch, and while conversing at the Rosewood, both True and O'Donnell had some alcoholic drinks. At about 4:30 p.m., True and O'Donnell left the Rosewood Restaurant and, after stopping briefly to speak with a mutual acquaintance at Mitchell Motors almost directly across the street from the Rosewood Restaurant, drove only a short distance before their automobile left the highway and struck a utility pole. True died as a result of injuries received in the collision. On the basis of those facts, the commissioner found that True was not acting within the scope of his employment from the time he left the Pettibone Tavern until the time of the accident, and he therefore dismissed the plaintiffs' claim for compensation.

The plaintiffs' first claim on appeal is that the court erred in failing to correct the commissioner's finding by adding to that finding several facts which allegedly were established by testimony before the

commissioner and which are claimed to support the plaintiffs' contention that True was acting within the scope of his employment at the time of the fatal accident. The proposed corrections include the fact that after leaving the Pettibone Tavern True tried to convince O'Donnell to accept his offer of employment; that while at the Rosewood Restaurant True telephoned his assistant manager and told him to open the Steak and Brew Restaurant; and that when the accident occurred True and O'Donnell were traveling in the direction of the Steak and Brew Restaurant. A review of the evidence certified and made part of the record discloses that the court did not err in refusing to correct the finding. Upon an appeal, the court does not retry the facts. *Rivera* v. *Guida's Dairy*, 167 Conn. 524, 525, 356 A.2d 184. It is the function of the commissioner to determine the credibility of witnesses and to find facts, and the finding will not be corrected unless it contains facts found without evidence or omits material facts that are admitted or undisputed. Practice Book § 435; *Glenn* v. *Stop & Shop, Inc.*, 168 Conn. 413, 416, 362 A.2d 512. The facts found by the commissioner are amply supported by the evidence and the proposed additions are either disputed or immaterial.

Turning to the principal issue, the plaintiffs claim that the facts as proven at the hearing before the commissioner establish that True was acting within the scope of his employment at the time of the fatal accident. As a general rule, an injury sustained by an employee on a public highway while traveling to or from his place of employment is not compensable. *Lake* v. *Bridgeport*, 102 Conn. 337, 342, 128 A. 782; see 1 Larson, Workmen's Compensation Law § 15.00; Davis, "Workmen's Compensation in

Connecticut," 7 Conn. L. Rev. 199, 215–16. The plaintiffs, however, rely on an exception to the general rule, set out in *Dombach* v. *Olkon Corporation,* 163 Conn. 216, 222, 302 A.2d 270, and in *McKiernan* v. *New Haven,* 151 Conn. 496, 498, 199 A.2d 695, which holds that the injury is compensable "where the employee is injured while using the highway in doing something incidental to his regular employment, for the joint benefit of himself and his employer, with the knowledge and approval of the employer." *Dombach* v. *Olkon Corporation,* supra. Assuming that True's meeting with O'Donnell at the Pettibone Tavern was within the scope of his authority to hire and fire personnel, the finding is still devoid of any facts which would support a conclusion that the subsequent visit to the Rosewood Restaurant was within the scope of True's employment, or in any way related to that employment. Whether an employee has departed from his employment in such a manner that his subsequent injury is not causally related to it is ordinarily a question of fact; *Woodley* v. *Rossi,* 152 Conn. 1, 6, 202 A.2d 136; *Herbst* v. *Hat Corporation of America,* 130 Conn. 1, 7, 31 A.2d 329; and the burden rested on the plaintiffs to prove that True's fatal accident arose in the course of his employment and was causally traceable to it. *Dombach* v. *Olkon Corporation,* supra, 221. The commissioner properly concluded in effect that the plaintiffs had not met their burden of proof, and the court did not err in dismissing the appeal.

There is no error.