The plaintiffs in this appeal are the estate and dependant widow of W. Edward Robinson, who had been employed by the defendant Allied Grocers Cooperative, Inc. On January 19, 1979, Robinson sustained a right inguinal hernia while at work. He underwent corrective surgery for the hernia on February 2, 1979. Initially he progressed in his recovery but, on February 6, 1979, he was found comatose in his bed. Although he regained consciousness, he remained in the hospital undergoing treatment until his death on March 30, 1979.
His estate and surviving widow sought workers' compensation benefits related both to the treatment of the employee's hernia and subsequent medical complications which resulted in death. The employer accepted liability for the claim relating to the hernia and the usual recovery period associated with hernia surgery, but contested the claim for benefits related to the medical complications and resulting death of the employee. *Page 387 
The proceedings in this case progressed as follows: All parties received an autopsy report by December 28, 1979. Additional medical records pertinent to the claim were also distributed. An informal meeting was held on March 18, 1980, at which time the defendants continued to deny liability. A formal hearing was then held on April 30, 1980, during which the plaintiffs presented an expert medical witness who testified that the complications sustained by the employee and his death resulted from risks associated with the hernia surgery. This hearing was continued until September 3, 1980. At that time, the defendants, after cross-examining the plaintiffs' expert, obtained a further continuance so that their experts could review the transcript of the April hearing which had just been completed. At this final hearing on November 7, 1980, the defendants accepted liability for the previously contested claim.
In addition to benefits arising from the claims accepted by the employer, the plaintiffs sought an award for an attorney's fee on the basis that the employer and insurer unreasonably contested the claim. Counsel for the plaintiffs also requested the commissioner's approval for attorney's fees of $20,000 pursuant to General Statutes 31-319.[1]
The commissioner awarded benefits applicable to the accepted claims as provided by the Workers' Compensation Act. The 25 percent contingency fee agreed to by the plaintiffs and their attorney in the amount of $20,000 was found to be unreasonable and excessive. Under General Statutes 31-319 he approved an attorney's fee in the amount of $9500. Finding that the defendants did not unreasonably contest liability in the *Page 388 
proceedings, he disallowed the claim that the attorney's fee be paid by the defendants under31-300.[2]
The plaintiffs took an appeal to the compensation review division from the commissioner's disallowance of the agreed attorney's fee and his denial that the defendants pay the attorney's fee to the plaintiff's. The compensation review division affirmed the commissioner's finding and award. The plaintiffs have appealed.
The plaintiffs' first claim is that the commissioner erred in denying their motions to correct the finding by adding certain facts. It is well settled that this court will not correct the finding unless it contains facts found without evidence or omits material facts that are admitted or undisputed. True v. Longchamps, Inc., 171 Conn. 476,478, 370 A.2d 1018 (1976). Furthermore, the finding "should not contain excerpts from evidence or merely evidential facts, nor the opinions or beliefs of the commissioner, nor the reasons for his conclusions." Balkus v. Terry Steam Turbine Co., 167 Conn. 170, 173, 355 A.2d 227 (1974). Most of the proposed additions are evidential or relate to reasons for the plaintiffs' proposed conclusion; the remainder involves facts which are either disputed or uncontradicted. A fact is neither admitted nor undisputed merely because it is uncontradicted. Mercier v. American Refractories Crucible Corporation, 151 Conn. 559,560, 200 A.2d 716 (1964).
The plaintiffs next claim that the commissioner erred in failing to award a reasonable attorney's fee pursuant to General Statutes 31-300. This section provides that "where the claimant prevails and the commissioner finds that the employer or insurer has unreasonably contested liability, the commissioner may allow to the *Page 389 
claimant a reasonable attorney's fee." The plaintiffs stress the fact that the defendants did not introduce evidence to support their contest, but instead accepted liability at the final hearing on November 7, 1980. Lack of supporting medical evidence is, however, merely one element the commissioner may weigh and does not give rise ipso facto to the conclusion that a contest of liability is unreasonable. Balkus v. Terry Steam Turbine Co., supra, 179.
"The commissioner's ultimate conclusions are tested by the subordinate facts found, and they stand unless they result from an incorrect application of the law to those facts or from an inference illegally or unreasonably drawn from them." Id., 174. The commissioner found that "[t]he claim involved issues of medical causation and complicating factors which are not present in very many compensation cases." Examination of the record indicates the evidence supports this finding; indeed, the plaintiffs do not question its validity. The inference that the duration of the proceedings was due to the unusual nature of the claim is not illegal, illogical or unreasonable. The commissioner's conclusion that the defendants did not unreasonably contest liability is, therefore, not clearly erroneous. See Practice Book 3060D.
Counsel for the plaintiffs raises a third issue contesting the commissioner's reduction of the fee submitted for approval pursuant to General Statutes31-319. The plaintiffs and their counsel had agreed upon a contingency fee amounting to $20,000. The commissioner concluded, however, that a contingency fee was inappropriate, and therefore approved a fee of $9500, which he considered to be reasonable in view of the circumstances of this case.
The plaintiffs' counsel has requested that we decide this issue only if we determine that the plaintiffs should *Page 390 
have been awarded an attorney's fee because the defendants unreasonably contested liability. In view of our finding above that the plaintiffs are not entitled to an attorney's fee under 31-300, we will not disturb the commissioner's allowance of the $9500 fee.
 There is no error.
DALY, BIELUCH and CIOFFI, Js., participated in this decision.