CARYN LUDDIE *v.* FOREMOST INSURANCE COMPANY ET AL.
(2582)

BORDEN, SPALLONE and DALY, Js.

Argued June 12—decision released September 10, 1985

*Joseph A. Broder,* with whom, on the brief, was *William F. Magnan, Jr.,* for the appellant (plaintiff).

*Robert M. Brennan,* for the appellees (defendants).

DALY, J. This is an appeal by the plaintiff employee from the decision of the compensation review division reversing an award for the plaintiff by the workers' compensation commissioner. On appeal, the plaintiff claims that the review division erred in concluding that her injury did not arise during the course of her employment.

Both the commissioner and the review division made identical findings of fact. The plaintiff was employed as a field claims adjuster for the named defendant, Foremost Insurance Company,[1] and covered an area consisting of Connecticut, Massachusetts, Rhode Island, New Hampshire and southern Maine, while working out of her home in Marlborough, Connecticut. At approximately 5:30 p.m. on May 29, 1981, the plaintiff received a telephone call from a policyholder who had not located a draft in excess of $12,000 which had been mailed to him to cover a fire loss. In response to the call, the plaintiff drove to New London in an automobile provided by the defendant, arriving about 6:30 p.m., and met the insured, a resident of Saugus, Massachusetts. After discussing the draft problem and ascertaining that the insured had no transportation home, the plaintiff agreed to drive him to Hartford where he could make connections for Saugus.

Instead of driving directly to Hartford, they journeyed to the Plainfield dog track and remained there until 11:30 p.m. While en route to Hartford and seeking a restaurant, the plaintiff became lost. When she discovered she was on route 6, the plaintiff decided to return home, get something to eat, take a shower and then deliver the insured to Hartford. On route 6 in Andover, at about 3 a.m., while driving to her home,

---

[1] The other defendant is the Liberty Mutual Insurance Company.

the plaintiff's vehicle struck a guard rail in attempting to avoid a deer. As a result of the impact, she injured her back.

The commissioner made an award holding that the plaintiff was, at the time of the accident, within the scope of her employment and in furtherance of her employee's business. The review division held that the plaintiff's departure from the scope of her duties was so radical and so prolonged that the employment nature of the trip was abandoned long before the injury occurred, and reversed the decision of the commissioner.

The issue before us is whether the review division properly concluded that the plaintiff's injury was not one "arising out of and in the course of [her] employment" within the meaning of General Statutes § 31-284[2] and therefore not compensable.

Awards under workers' compensation law are determined by a two part test. The employee must prove that the injury claimed (1) arose out of the employment, and (2) occurred in the course of employment. *McNamara* v. *Hamden,* 176 Conn. 547, 550, 398 A.2d 1161 (1979). "There must be a conjunction of the two requirements, 'in the course of the employment' and 'out of the employment' to permit compensation. The former relates to the time, place and circumstance of the accident, while the latter refers to the origin and cause of the accident." *Stakonis* v. *United Advertising Corporation,* 110 Conn. 384, 389, 148 A. 334 (1930).

The plaintiff claims that her injury met the requirement that it happen "within the course of employ-

---

[2] General Statutes § 31-284 of the Workers' Compensation Act provides, in pertinent part: "(a) An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees . . . ."

ment." "In order to come within the course of the employment, an injury must occur (a) within the period of the employment; (b) at a place the employee may reasonably be; and (c) while the employee is reasonably fulfilling the duties of the employment or doing something incidental to it." *McNamara* v. *Hamden,* supra, 550–51.

The immediate question before us is whether the review division's conclusion that the plaintiff's injury did not arise out of or occur in the course of employment, when considered on the basis of the subordinate facts, was so unreasonable and illegal as to be an abuse of discretion. The conclusion must stand unless it results "from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." *Adzima* v. *UAC/ Norden Division,* 177 Conn. 107, 118, 411 A.2d 924 (1979).

The determinative question is whether the plaintiff, at the time of her injury, was engaged in the line of her duty in the business or affairs of her employer. *Ohmen* v. *Adams Brothers,* 109 Conn. 378, 385, 146 A. 825 (1929). The general rule is that "[a]n injury sustained on a public highway while going to or from work is ordinarily not compensable." *Dombach* v. *Olkon Corporation,* 163 Conn. 216, 222, 302 A.2d 270 (1972); *McKiernan* v. *New Haven,* 151 Conn. 496, 498–99, 199 A.2d 695 (1964). The exceptions to the general rule "arise in situations where the contract of employment itself involves, in its actual performance, or as an incident annexed to it with the knowledge and consent of the employer, the use of the public highways"; id., 499; or that the employer contracts to furnish transportation to or from work. *Lake* v. *Bridgeport,* 102 Conn. 337, 343, 128 A. 782 (1925).

In determining whether an unauthorized deviation from the employment is so slight as not to relieve the

employer from liability, or of such a character as to constitute a temporary abandonment of the employment, "[t]he true test is analogous to that applied to determine whether a deviation in agency terminates that relationship." *Herbst* v. *Hat Corporation of America,* 130 Conn. 1, 7, 31 A.2d 329 (1943). "[T]he trier must take into account, not only the mere fact of deviation, but its extent and nature relatively to time and place and circumstances, and all the other detailed facts which form a part of and truly characterize the deviation, including often the real intent and purpose of the servant in making it." *Ritchie* v. *Waller,* 63 Conn. 155, 165, 28 A. 29 (1893).

Even if we assume that the plaintiff's meeting with the insured in New London was within the scope of her authority to placate policyholders, the review division's findings are still devoid of any facts which would support a conclusion that the subsequent junket to the Plainfield dog track was within the scope of her employment, or in any way related to that employment. *True* v. *Longchamps, Inc.,* 171 Conn. 476, 479, 370 A.2d 1018 (1976). Under the plaintiff's theory, if she had driven her automobile to any point in or out of the state that evening, the moment she started toward Hartford with the intention of bringing the insured to a transportation center, she would have brought herself back into the course of an employment which had long since terminated for the day. *Woodley* v. *Rossi,* 152 Conn. 1, 6, 202 A.2d 136 (1964). In taking her course for the purpose intended (to take a shower), the plaintiff was doing nothing incidental to her employment. Her injury did not arise in the course of her employment. We find that the review division did not err in reversing the conclusion of the commissioner.

There is no error.

In this opinion the other judges concurred.