[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is an action for negligence for personal injuries sustained by the plaintiff on November 4, 1988, when the plaintiff's hand was injured by the belt winding mechanism adjacent to the fan belt in the defendant's car. The injury occurred when the defendant attempted to start the car at the parking lot of the Danbury Police Department, where both the plaintiff and the defendant were employed. The defendant has filed a motion for summary judgment, claiming that the plaintiff was injured in the course of his employment and that his right to bring a negligence claim against the defendant is barred by section 31-293a of the General Statutes. The plaintiff and his employer, the City of Danbury, which has intervened as his employer pursuant to section 31-293, claim that (1) the injury did not occur in the course of the plaintiff's employment, and (2) even if it did, it is within the exclusion in section 31-293a for the negligence of a fellow employee in the operation of a motor vehicle. The plaintiff has filed a cross motion for summary judgment on the same grounds, claiming that under the facts of this case, section 31-293a does not apply as a matter of law, and that the plaintiff is entitled to maintain a personal injury action against the defendant even though they were both employed by the Danbury Police Department.
A summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted with a motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. A material fact has been defined as a fact that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578. While both parties have submitted documents in support of and in opposition to the motions for summary judgment, there is no material, disputed factual issue. For all practical purposes, the parties could have submitted their motions on a stipulation of facts. Where there is no genuine issue as to any material fact, the next question is whether the moving party is entitled to judgment as a matter of law. Bartha v. Water House Wrecking Co., CT Page 11507 supra, 11. That is resolved by applying to the established facts the same test as is used in determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364; Connell v. Colwell, 214 Conn. 242, 247.
The City of Danbury has injected two additional legal claims into the dispute: (1) that the Superior Court should not determine whether the plaintiff's injuries arose out of and in the course of his employment, and (2) that if the plaintiff was acting in the course of his employment when he was injured, he had substantially deviated from the employment and was not entitled to workers' compensation.
The plaintiff has filed a workers' compensation claim for the November 4, 1988 injury with the Workers' Compensation Commission for the 7th District based on Chapter 568 of the General Statutes. It is undisputed that the commissioner for the district has jurisdiction under section31-278 to decide whether the plaintiff is entitled to workers' compensation for the accident. See Fair v. People's Savings Bank, 207 Conn. 535, 539. The plaintiff has not pursued the claim filed with the commissioner in this case, so there has been no determination whether the plaintiff is entitled to workers' compensation benefits or whether the injury arose out of in the course of his employment.
The Superior Court has jurisdiction to decide whether section 31-293a bars a claim on the ground that it arose during the course of the injured party's employment, at least where the same issue has not been determined by the Workers' Compensation Commission. The courts are continually required to determine whether parties are in an employer-employee relationship for the purpose of deciding questions of fact and law in civil litigation in the Superior Court. See Morin v. Lemieux, 179 Conn. 501; Gedeon v. First National Supermarkets, Inc., 21 Conn. App. 20; Alpha Crane Service, Inc. v. Capital Crane Co., 6 Conn. App. 60 (principal employer claim under section 31-291 of the Connecticut General Statutes). The fact that the Workers' Compensation Commission must determine whether an injury occurred in the course of employment in order to determine whether it is compensable under Chapter 568 does not supersede the jurisdiction of the Superior Court to decide the question whether an employee was injured in the course of his CT Page 11508 employment as a result of section 31-293a.
The undisputed facts are as follows. The plaintiff and the defendant are both employees of the Danbury Police Department. The defendant was the plaintiff's supervisor. The defendant was on duty on November 4, 1988 at the Danbury Police Department. The plaintiff came into the department to complete follow up work on a fatal accident investigation, although he was not required to be there during that shift as part of his official duties. During a discussion at that time in the Police Department, the defendant heard the plaintiff describe work that he had done on his own car. The defendant indicated that he was having problems with his car, and the plaintiff agreed to listen to a squeak in the engine compartment of the car, which was parked in the rear parking lot of the Danbury Police Department. The defendant's vehicle was occasionally used by him for police business, but his usual assignment was at the Police Department. After lifting the hood, the defendant got in the car and the plaintiff stood near the engine compartment. The car had a manual shift and was in neutral. The defendant started the car while the plaintiff listened. The defendant then turned off the ignition. At that point, the plaintiff reached into the fan belt area to check the tension on the belts. The defendant then, without warning, turned the ignition to restart the engine, which resulted in the plaintiff's hand being pulled into the belt winding mechanism, causing traumatic amputation of part of two of the plaintiff's fingers.
The accident occurred at around 11:00 A.M. The plaintiff's regular work day would have started at 2:00 P.M. on that day.
Section 31-293a of the General Statutes provides in part as follows:
 If an employee . . . has a right to benefits or compensation under this chapter on account of injury . . . caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee . . . and no action may be brought against such fellow employee unless such wrong was wilful or malicious or the action is based on the fellow employee's negligence in the CT Page 11509 operation of a motor vehicle as defined in section 14-1.
I. The plaintiff was acting within the scope of his employment.
The fellow employee provision in section 31-293a only applies when the plaintiff is an employee who sustains injuries covered by workers' compensation under Chapter 568. Section 31-284(a) provides that an employer is not liable in an action for damages on account of personal injury "sustained by an employee arising out of and in the course of his employment" and "[a]ll rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights given by this chapter. . . ."
The defendant claims that the plaintiff was injured in the course of his employment as that concept has been defined in Connecticut case law. The plaintiff claims that he was not injured in he course of his employment, although he has filed a workers' compensation claim for his injuries. The city, which opposes the workers' compensation claim, also alleges that the deviation from employment concept applies. In some cases this is a factual issue, but the parties agree on what factually occurred, and the plaintiff concedes in his brief that whether the injury is covered by workers' compensation is a question of law with undisputed facts. Unless a close legal question exists when the facts are applied to the law, one of the parties is entitled to summary judgment.
Section 31-275(12) defines "[a]rising out of and in the course of his employment" for purposes of Chapter 568 as "an accidental injury happening to an employee . . . while he has been engaged in the line of his duty in the business or affairs of the employer upon the employer's premises, or while so engaged elsewhere upon the employer's business or affairs by the direction, express or implied, of the employer." In addition, subsection (A) states that in the case of a policeman and a fireman "in the course of his employment" shall encompass his departure from his place of abode to duty, his duty, and his return to his place of abode after duty. There is a two-part test: (1) the injury must CT Page 11510 occur in the course of the employment and (2) the injury must arise out of the employment. McNamara v. Hamden, 176 Conn. 547,550; Luddie v. Foremost Insurance Co., 5 Conn. App. 193,195. "The former relates to the time, place and circumstance of the accident, while the latter refers to the origin and cause of the accident." McNamara v. Hamden, supra, 550, quoting Stakonis v. United Advertising Corporation, 110 Conn. 384,389. For an injury to occur in the course of the employment, the injury must take place (1) within the period of the employment, (2) at a place where the employee may reasonably be, and (3) while the employee is reasonably fulfilling the duties of the employment or doing something incidental to it. McNamara v. Hamden, supra, 556; Pagani v. BT II, Limited Partnership, 24 Conn. App. 739, 746. "[W]hen determining whether the activity is incidental to the employment, the following rule should be applied: If the activity is regularly engaged in on the employer's premises within the period of employment, with the employer's approval or acquiescence, an injury occurring under those conditions shall be found to be compensable." McNamara v. Hamden, supra, 556. An injury arises out of the employment when (a) it occurs in the course of the employment, and (b) is the result of a risk involved in the employment or incident to it or to the conditions under which it is required to be performed. Dombach v. Olkon Corporation, 163 Conn. 216, 221,222. An injury which occurs in the course of the employment ordinarily arises out of the employment and is compensable if it has some incidental relationship to the employment. Farnham v. Labutis, 147 Conn. 267, 270. The definition in section 31-275(12)(A), defining "[a]rising out of and in the course of his employment for a policeman, is satisfied in this case because the plaintiff was at the Police Department performing police duties, even though his official duty hours did not start until three hours after the accident occurred.
Even under the test which applies to employees in general, the injury occurred in the course of the employment and meets the three-part test. While the plaintiff was not officially on duty, he was performing police activities directly related to his work assignment at the Police Department when the injury occurred, so the injury occurred within the period of the employment. The Police Department parking lot was also a place where he could reasonably be as an employee. The third part of the test, that the employee must be reasonably fulfilling the duties of the employment or CT Page 11511 doing something incidental to it is the same issue as whether the employee has substantially deviated from the duties of employment. Rawling v. New Haven, 206 Conn. 100, 107, referencing McNamara v. Hamden, supra. As stated in Rawling,
 Under the law of workers' compensation, no bright line test distinguishes activities that are incidental to employment from those that constitute a substantial deviation therefrom. Id. 556. An employee who substantially deviates from the duties of his employment, however, forfeits his right to compensation. Woodley v. Rossi, 152 Conn. 1, 5, 202 A.2d 136 (1964). The question of deviation is typically one of fact for the trier. Labbe v. American Brass Co., 132 Conn. 606, 609-10 46 A.2d 339 (1946). In deciding whether a substantial deviation has occurred, the trier is entitled to weigh a variety of factors, including the time, place and extent of the deviation; Herbst v. Hat Corporation of America, 130 Conn. 1, 7, 31 A.2d 329
(1943); as well as `what duties were required of the employee and the conditions surrounding the performance of his work . . . .' Farnham v. Labutis, 147 Conn. 267, 270, 168 A.2d 120 (1960)."
Where an automobile of an employee is used by him during working hours to carry out the employer's business, injuries sustained by an employee while repairing the car on a Sunday and not during working hours were held in Waters v. Service Oil Co., 132 Conn. 388 to be injuries arising out of and in the course of employment. Decisions from other states construing similar workers' compensation statutes have held that injuries sustained by an employee which occurred on the employer's property after business hours when working on the personal vehicle of another employee were compensable. Finnegan v. Industrial Commission of Arizona, 755 P.2d 413
(Ariz. 1988); Nemeth v. Michigan Building Components, 213 N.W.2d (Mich. 1973). The injury here occurred in a parking lot used by police department employees and owned by the employer. Injuries sustained by an employee on a passway maintained by an employer for the convenience of employees when the employee was walking to work was considered an injury in the course of employment in Hughes v. American Brass Co., 141 Conn. 231. The plaintiff's status as a policeman presents a stronger case for workers' compensation CT Page 11512 coverage as a result of section 31-275(12)(A).
Where the injury occurs during work hours at the place of employment it is compensable even though not foreseen or expected by the employer, Gesmundo v. Bush, 133 Conn. 607,613, unless it amounts to a substantial deviation from work. The substantial deviation from duties of employment concept frequently arises in the so-called frolic and detour cases. Balanced against this is the concept that since workers' compensation legislation is remedial in nature, it must be broadly construed in favor of disabled employees. Pokorny v. Getta's Garage, 219 Conn. 439, 453; Mingachos v. CBS, Inc.,196 Conn. 91, 97. Slight deviations do not relieve the employer from liability and the test is analogous to that applied to determine whether the deviation in agency terminates the employer-employee relationship. Luddie v. Foremost Insurance Co., supra, 196, 197; Herbst v. Hat Corporation of America, supra, 7. Compensation has been allowed in the "personal comfort" cases where the employee attends to personal needs during the work day incidental to employment. Puffin v. General Electric Co., 132 Conn. 279; Lovallo v. American Brass Co., 112 Conn. 635 (employees compensated for injuries received while taking a permitted smoking break). The rationale for the rule is that routine acts of comfort and convenience, such as taking a drink of water, are reasonably necessary for the health and comfort of an employee, are indirectly conducive to the purpose of the employment, and generally do not interrupt the course of employment. McNamara v. Hamden, supra, 561; Lovallo v. American Brass Co., supra, 639. Compensation is also allowed in the horseplay cases where an employee is injured in a customary form of horseplay during working hours that were tolerated by the employer. McNamara v. Hamden, supra, 562, and cases cited therein. It is clear in any event that an employee at the work site does not have to be engaged in working for his employer at the moment of injury in order to be eligible for compensation. Iliff v. Norwalk Tire Rubber Company 127 Conn. 248, 250; Tusman v. Spiegel Zemicnik,38 Conn. Sup. 607, 609.
The plaintiff was performing duties incidental to his employment when he came to his customary work site to review photographs and complete his accident investigation, even though he had not commenced his regular shift. The defendant was on duty at the time and was the plaintiff's immediate CT Page 11513 supervisor. While the defendant's car was not routinely used in police business, it was occasionally used for that purpose and the plaintiff was checking the car at the request of his immediate supervisor. Under these circumstances, the trip to the parking lot to check the car was clearly within the parameter of types of activities amounting to brief suspensions from work by the employee which do not disqualify him from receiving workers' compensation. If the plaintiff had gone to the parking lot to check his own car and was injured by his own negligence or the negligence of another employee, the injuries would clearly be covered by workers' compensation.
II. Applicability of the motor vehicle exception.
Section 31-293a allows a person injured at a work site to bring a civil action against another employee "based on the fellow employee's negligence in the operation of a motor vehicle as defined in section 14-1" of the General Statutes. While the defendant's car qualifies as a motor vehicle, the parties dispute whether the injury resulted from "operation" of it. Operation is not defined in section 14-1 or the other motor vehicle statutes, but section 14-1(54) defines "operator" or "driver" as "any person who operates a motor vehicle or who steers or directs the course of a motor vehicle which is being towed by another motor vehicle. . . ."
The issue of operation was addressed in Davey v. Pepperidge Farms, Inc., 180 Conn. 469, 472 n. 1, where the court stated that the cases clearly indicate that operation of a motor vehicle relates to the driving or movement of the vehicle itself or a circumstance resulting from movement of the vehicle. The rule in Davey, confining "operation" within the context of section 31-293a "to the driving or movement of the vehicle itself or a circumstance resulting from the movement of the vehicle" was followed in Dias v. Adams,189 Conn. 354, 358, and Kiriaka v. Alterwitz, 7 Conn. App. 575,578, 579, cert. denied, 201 Conn. 804. In Davey, the court held that a hydraulic hoist attached to a flatbed truck and controlled at the time of the accident by remote controls using the truck engine as a power source, but where the truck was not moved, was not operation of the motor vehicle within the meaning of section 31-293a. In Dias v. Adams, the court did not decide whether a backhoe was a motor vehicle or within the exclusion in the statute, but held that an injury CT Page 11514 caused by the shovel of the backhoe, rather than movement of the vehicle itself was not operation of a motor vehicle under the statute. The backhoe was a self-propelled machine which had an engine as an energy source both for locomotion and for movement of the boom to which the shovel was attached. Even though the same levers which could move the backhoe could also be used to operate the shovel, the accident did not occur from movement of the vehicle. In Kiriaka, the plaintiff was struck by a car after getting out of a car owned by the employer and operated by a fellow employee, but the court held that the plaintiff could not bring a personal injury action because the vehicle was not in operation at the time of the accident.
An explanation of the statute and its purpose was discussed in Dias v. Adams, supra, 359, 360:
 Although the legislative history of Sec. 31-293a is not especially revealing, there is some evidence that the intention was to distinguish `simple negligence on the job' from negligence in the operation of a motor vehicle. Unlike the special hazards of the work place, the risk of a motor vehicle accident is a common danger to which the general public is exposed. Particular occupations may subject some employees to a greater risk of exposure to that risk. The nature of the risk remains unchanged, however, and in many employments it is no greater than for the general public. The legislature has chosen, therefore, not to extend the immunity given to fellow employees by Sec. 31-293a to accidents having a less distinct relationship to the hazards of the employment. At the same time it has accorded the injured employee, in addition to workers' compensation, the same remedy he would have against a member of the general public who caused a motor vehicle accident. Our decision to construe the term `operation of a motor vehicle' in Sec. 31-293a as not including activities unrelated to movement of the vehicle comports with this policy of the legislature.
Following Dias, the Appellate Court held in Kegel v. McNeely. 2 Conn. App. 174, 178 that the exception in section31-293a did not apply when the injury occurred when a crane CT Page 11515 carried on a truck struck high tension wires and the defendant, a fellow employee of the decedent, was seated in the truck with its ignition turned off. The court concluded that the accident was not caused by negligence of the defendant in the operation of a motor vehicle because "[at] the time of the decedent's injury, the truck, with its ignition having been turned off, could not function to move the truck itself nor did it function or move so as to change the position of the crane or its boom." Id., 178. In this case, the defendant was in the process of starting a motor in his car when the plaintiff was injured. [It is unclear from the record whether the fan belts attached to the motor actually move when turning the key in the ignition activates the starter, or whether the belts do not commence movement until the engine actually starts.] The documentary evidence shows that the injury occurred immediately upon starting the car, which was not moving at the time. The car was in neutral and the defendant had no intention of moving it. It was started only for the purpose of having the plaintiff check the noise in the engine compartment.
Conti v. Rose Hill Poultry Co., 3 Conn. App. 246, 248, cert. denied, 195 Conn. 802, also supports the defendant's position. There the plaintiff claimed damages for injuries sustained while operating a truck supplied by the defendants which had defective brakes. The plaintiff was limited to workers' compensation. The exception in the statute did not apply because it only includes driving or moving the vehicle itself and does not include activities unrelated to moving the vehicle, and the injury did not result from operation of the vehicle, but rather from a defect in the truck supplied by the defendant. See also Rivera v. Fox, 20 Conn. App. 619, construing a similar provision in section 52-556, allowing an action against the state for persons injured by negligence of a state employee "when operating a motor vehicle," holding that the statute did not apply when the vehicle was stationary and partially off the highway with its engine running.
The plaintiff relies upon the operation of motor vehicle cases under section 14-227a, the driving under the influence statute. This reliance is misplaced. In State v. Swift.125 Conn. 399, and State v. Ducatt, 22 Conn. App. 88, cert. denied, 217 Conn. 804, the evidence showed that the defendants had clearly driven their vehicles but had brought CT Page 11516 them to a stop before being observed by the police. State v. Marquis, 24 Conn. App. 467, 469, relying on the earlier cases, held that intention to move a vehicle is not an element of the offense under section 14-227a of the General Statutes of operation of a motor vehicle while under the influence of alcohol, and finding the defendant sleeping and intoxicated in the car with the engine running was sufficient to uphold a conviction. The purpose and policy of section14-227a is significantly different from the purpose of the motor vehicle exclusion in section 31-293a referred to above. Dias v. Adams, supra, 359. The state should not be precluded from prosecuting a defendant for driving under the influence merely because the police do not catch the defendant in a wrecked car or driving down the highway. On the other hand, the operation exclusion in section 31-293a has been strictly construed. Here the car engine was in the process of starting when the injury occurred, the car was in neutral, it had not previously been moved, and there was clearly no intent by the parties to move it.
Under the undisputed facts of this case, the plaintiff was injured while within the scope of his employment, and the injury does not fall within the motor vehicle exception in section 31-293a as a matter of law. The plaintiff's remedy is to pursue his workers' compensation claim.
The defendant's motion for summary judgment is granted. The plaintiff's motion for summary judgment is denied.
Robert A. Fuller, Judge