JOHN MLECZKO *v.* HAYNES CONSTRUCTION
COMPANY ET AL.
(AC 29049)

DiPentima, Beach and Robinson, Js.

Argued October 10—officially released December 23, 2008

*Norman J. Voog*, with whom, on the brief, was *Christopher J. Molyneaux*, for the appellant (plaintiff).

*Richard L. Aiken, Jr.*, for the appellees (defendants).

*Opinion*

BEACH, J. The plaintiff, John Mleczko, appeals from the decision of the workers' compensation review board (board) affirming the finding and dismissal of his claim

against the defendant Haynes Construction Company[1] by the workers' compensation commissioner (commissioner). On appeal, the plaintiff claims that the board improperly affirmed the commissioner's finding that his injuries were not compensable. We affirm the decision of the board.

The commissioner found the following facts. On Friday, November 12, 2004, the plaintiff was employed by the defendant as a project manager for a Marriott hotel project in Stamford. After returning from lunch on that day, the plaintiff was notified of a leak in room 801 of the hotel. The plaintiff and John Lindell, the property owner's construction manager, inspected the leak. The plaintiff thereafter telephoned John Martin, the superintendent of Aspetuck Roofing, to have someone from his firm attend to the leak. Martin advised the plaintiff that he was two hours away from Stamford, that he would see what he could do about getting to the site and would return the plaintiff's call. The plaintiff advised Sheldon Moir, superintendent for the defendant, that Martin might not be able to come to Stamford until Monday.

In response, the plaintiff, Lindell and Moir went to the roof of the hotel to identify the source of the leak. Moir testified that he identified and remedied the source of the leak. Martin testified that when he telephoned the plaintiff a second time at approximately 4:25 p.m., he was informed that Moir had identified and remedied the cause of the leak. Martin was not coming to Stamford to correct the roof leak, and this fact was communicated to the plaintiff.

Between 4:30 and 5 p.m., the plaintiff went to the Telluride Restaurant. He returned to his office around

[1] AIG Claim Services, Inc., the workers' compensation insurance carrier for Haynes Construction Company, also was named as a defendant. In the interest of simplicity, we refer in this opinion to Haynes Construction Company as the defendant.

6 p.m. and did paperwork for approximately one hour. At approximately 7:30 p.m., he left his employer's premises and went to the nearby Southport Brewing Company Restaurant (restaurant), where he ate and consumed alcohol with Darryl Meierhoff, a former employee of the defendant. After leaving the restaurant, the plaintiff sustained multiple injuries when he was struck by a car while crossing Broad Street in Stamford at approximately 8:20 p.m.

The plaintiff claimed before the commissioner that at the time of his injury, he was doing the work of his employer, was where he should have been and was benefiting his employer. In his finding and dismissal, the commissioner noted Meierhoff's testimony that the plaintiff had left the restaurant to see if Martin had arrived and to shut down the office. The commissioner, however, did not credit this version of events. Rather, he found that Martin was not coming to the job site to correct the roof leak on the evening in question and that this fact was communicated to the plaintiff prior to the end of the normal workday. Accordingly, the commissioner found that there was no reason for the plaintiff to remain on the job. The commissioner found that the plaintiff was not on his employer's premises when he was struck by a car on Broad Street, a public highway. The commissioner concluded that the plaintiff's injuries did not arise out of or occur in the course of the employment. Thereafter, the plaintiff appealed to the board. The board affirmed the commissioner's decision, and this appeal followed.

The standard of review in workers' compensation appeals is well established. "The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . Neither the . . . board nor this court has the power to retry

facts." (Citation omitted; internal quotation marks omitted.) *Tracy* v. *Scherwitzky Gutter Co.*, 279 Conn. 265, 272, 901 A.2d 1176 (2006). "[O]n review of the commissioner's findings, the [review board] does not retry the facts nor hear evidence. It considers no evidence other than that certified to it by the commissioner, and then for the limited purpose of determining whether or not the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the commissioner when these depend upon the weight of the evidence and the credibility of witnesses. . . . The finding of the commissioner cannot be changed unless the record discloses that the finding includes facts found without evidence or fails to include material facts which are admitted or undisputed. . . . It [is] the commissioner's function to find the facts and determine the credibility of witnesses . . . ." (Internal quotation marks omitted.) *Chesler* v. *Derby*, 96 Conn. App. 207, 220, 899 A.2d 624, cert. denied, 280 Conn. 909, 907 A.2d 88 (2006).

The law governing eligibility for workers' compensation is also well established. "It is an axiom of [workers'] compensation law that awards are determined by a two-part test. The [claimant] has the burden of proving that the injury claimed arose out of the employment and occurred in the course of the employment. There must be a conjunction of [these] two requirements . . . to permit compensation. . . . An injury is said to arise out of the employment when (a) it occurs in the course of the employment and (b) is the result of a risk involved in the employment or incident to it or to the conditions under which it was required to be performed. . . . [C]ases have held that an injury [occurs] in the course of the employment when it takes place (a) within the period of the employment, (b) at a place where the employee may reasonably be and (c) while he is reasonably fulfilling the duties of the employment or doing

something incidental to it. . . . There must be a conjunction of [these] two requirements [of the test] . . . to permit compensation. . . . The former requirement [of arising out of the employment] relates to the origin and cause of the accident, while the latter requirement [of occurring in the course of employment] relates to the time, place and [circumstance] of the accident. . . . Whether an injury arose out of and in the course of employment is a question of fact to be determined by the commissioner. . . . If supported by competent evidence and not inconsistent with the law, the commissioner's inference that an injury did or did not arise out of and in the course of employment is, thus, conclusive." (Citations omitted; internal quotation marks omitted.) Id., 216–17.

On appeal, the plaintiff claims that the commissioner improperly failed to find that Broad Street was part of the employer's premises, that he reasonably could be expected to be there and that he was fulfilling the duties of his employment when was returning to work after dinner to see whether Martin had arrived.[2] We disagree.

The commissioner found, as a factual matter, that the plaintiff's injuries did not arise out of or occur in the course of his employment. Bearing in mind our customary deference to such factual determinations; id.; we conclude that the findings of the commissioner, as affirmed by the board, reasonably support the factual determination that the plaintiff's injuries did not arise

[2] The plaintiff additionally claims that the commissioner improperly failed to find whether he reasonably was fulfilling the duties of his employment or doing something incidental to his employment at the time of the injury. The plaintiff, however, did not file a motion to correct. That notwithstanding, given the commissioner's findings that there was no reason for the plaintiff to remain on the job and that the plaintiff left his employer's premises to get something to eat, we can infer that the commissioner found that at the time of the accident, the plaintiff was returning from a meal eaten off premises and was not fulfilling the duties of employment.

out of or occur in the course of his employment. The commissioner found that the plaintiff was not on the defendant's premises at the time of the accident.[3] The commissioner did not credit the plaintiff's version of events that at the time of the injury, he was fulfilling duties of employment and found that the plaintiff was not reasonably expected to be on Broad Street, a public highway, at the time of the injury. The commissioner did not credit Meierhoff's testimony that following dinner, the plaintiff was going to see if Martin had arrived at the hotel and was going to shut the office down. Rather, the commissioner credited Moir's testimony that Martin was not coming to the Stamford Marriott job site on the day in question and that this fact was communicated to the plaintiff prior to the end of the normal workday. As the sole arbiter of the weight of the evidence and the credibility of witnesses, the commissioner was free to credit the defendant's version of events, which was that the plaintiff was engaged in a social venture and was not doing anything to benefit his employer when he was injured while crossing Broad Street after leaving the off premises restaurant.

The plaintiff argues that even if Martin was not coming to Stamford on the night in question, he had a good

[3] The plaintiff argues that the hotel site, the office and the area in between, which included Broad Street, comprised his employer's premises. He avers that on the evening in question, he stayed in Stamford waiting for Martin to arrive. After he left the restaurant, he contends that he walked by the hotel site to see if Martin had arrived, and, thus, he was on his employer's premises when he was struck by a car on Broad Street while returning to the office.

Under these facts, the plaintiff contends, the commissioner properly should have applied the principles set forth in *Davis* v. *State*, No. 03822 CRB-02-98-05 (August, 17, 1999) (as matter of law, claimant's injury occurred on employer's premises where road on which injury occurred was owned and maintained by employer). The commissioner did not find that the plaintiff returned to the hotel to find Martin after leaving the restaurant and, thus, was between job sites at the time of the injury. The commissioner did not credit the plaintiff's version of events, and the principles in *Davis* are not applicable to this case.

faith belief that Martin would come and his good faith belief was sufficient to establish that he was engaged in the business of his employer when he was struck by a car. The plaintiff cannot prevail on this argument. The commissioner did not find that he had a good faith belief that Martin would be in Stamford that night. Rather, the commissioner found that Martin was not coming to the Stamford Marriott job site on the day in question, that this fact was communicated to the plaintiff prior to the end of the normal workday and that there was no reason for the plaintiff to remain on the job.

"[I]t bears remembering that a commissioner's [finding] that an injury did not arise out of [or occur in the course of] employment is a finding of fact. As such, it may be reversed only if it is not supported by the evidence or is inconsistent with the law." *Ryker* v. *Bethany*, 97 Conn. App. 304, 311, 904 A.2d 1227, cert. denied, 280 Conn. 932, 909 A.2d 958 (2006). The commissioner found that the plaintiff, who had no reason to remain on the job, left work to eat dinner at an off premises restaurant. After leaving the restaurant, the plaintiff subsequently was struck by a car while crossing a public highway that was not part of his employer's premises. The commissioner did not find that the plaintiff, in any way, was fulfilling the duties of his employment at the time of his injury. As far as is known, the plaintiff was struck by a car while doing something having no connection with the duties of employment.

After a careful review of the record, and bearing in mind the deference we give to a commissioner's factual findings, we conclude that the findings of the commissioner reasonably support the factual determination that the plaintiff's injuries did not arise out of or occur in the course of his employment and that this conclusion is not inconsistent with the law. See *Mazzone* v. *Connecticut Transit Co.*, 240 Conn. 788, 794, 694 A.2d 1230 (1997) ("[t]emporary suspension of work by an

employee for a permitted rest period, or lunch hour, or for satisfying the wants of nature . . . have not been generally held sufficient to break the continuity of the employment" [internal quotation marks omitted]); *Spatafore* v. *Yale University*, 239 Conn. 408, 409, 684 A.2d 1155 (1996) (injury sustained by employee while returning from lunch break not in course of employment); *Woodley* v. *Rossi*, 152 Conn. 1, 4–5, 202 A.2d 136 (1964) (commissioner fully justified in concluding claimant failed to sustain her burden of proving compensable injury where employment ceased prior to accident); *Guiliano* v. *O'Connell's Sons*, 105 Conn. 695, 701, 136 A. 677 (1927) ("[it cannot] be contended that after [a] day's work and while absent from [his] employer's premises [an employee] would, during this absence, still be in the course of . . . employment").

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.